[Civ. No. 7271. Third Dist. Sept. 5, 1946.]

EDWARD MYERS et al., Petitioners, v. SUPERIOR COURT
OF CALAVERAS COUNTY, Respondent.

Arthur DeBeau Carr for Petitioners.

Jos. H. Huberty for Respondent.

PEEK, J.—Petitioners seek a writ of prohibition restraining respondent Superior Court of Calaveras County from proceeding with the trial of a quiet title action filed in said court and involving property located in said county.

Upon petitioners' amended petition an alternative writ was issued; and the cause is before this court on issues of law raised by respondent's general demurrer to said petition.

The facts as alleged in the petition, or admitted by stipulation, are as follows:

On or about October 25 and 31, 1944, in the county of Sacramento, petitioners entered into a written contract with Margaret Garaventa wherein she agreed to sell and petitioners agreed to buy certain real and personal property in the town of Mokelumne Hill, Calaveras County, for the sum of $15,000, to be paid in installments. Possession was delivered to peti-

tioners, but title to the real estate was retained by the vendor pending payment of the full purchase price, and on June 16, 1945, they tendered said amount or balance but Margaret Garaventa refused and still refuses to accept said tender or to convey title to the premises in question.

Thereafter, on June 20, 1945, petitioners filed in the Superior Court of Sacramento County a complaint against Margaret Garaventa and two fictitious defendants, and summons thereon was served on her on June 21. Said complaint alleged in substance the facts set forth and showed in addition that the agreement in question included the sale of the hotel business which was being conducted on said premises known as "Peek Inn," and of the fixtures, furniture and stock of liquors.

It was further alleged that defendant Garaventa not only refused to execute and deliver to the plaintiffs a warranty deed, bill of sale, and certificate of title insurance, but also that she wrongfully converted to her own use certain of the liquor stocks, arbitrarily and capriciously refused to arbitrate the differences which had arisen between the parties, and interfered with the attempts of petitioners to sell the premises, property and business to a third person. Petitioners asked for compensatory and exemplary damages and the value of the personal property wrongfully converted.

On July 16, 1945, defendant filed her demurrer to said complaint and made a motion that the venue of the proceedings be changed from Sacramento County to Calaveras County.

On August 24, 1945, before a hearing was had on said demurrer and motion, said defendant filed a complaint in the Superior Court of Calaveras County against petitioners herein, naming also as defendants one Otis Coen and two fictitious persons. Summons was served on petitioners and Coen on the same date. Said complaint alleges that plaintiff is the owner of the said premises in the townsite of Mokelumne Hill, county of Calaveras, and all of the personal property and hotel equipment thereon or used in connection therewith; that the defendants, including the said petitioners, claim an estate or interest in the land and property adverse to her, which claim is without right or validity; and prays for a judgment quieting her title to all of said property.

On September 12, 1945, petitioners filed an amended complaint in their action then pending in the Superior Court of

Sacramento County, alleging substantially the same facts as those set out in the original complaint, and in addition that the defendant Otis Coen has or claims to have some interest in said property but that such interest is subject and inferior to the rights of petitioners therein. The amended complaint, however, while alleging that petitioners have been damaged in the sum of $25,000, does not ask for damages, but concludes with the following prayer:

"That the defendant be required to execute to these plaintiffs a good and sufficient deed to the said real property free and clear of all encumbrances and that defendant be required to execute necessary and sufficient instruments conveying title to said personal property and good will of the said business known as Peek Inn, and that upon a refusal to so execute and deliver said deed and other indicia of title as above set out, a commissioner be appointed by this Court to execute such deed and indicia of title of said personal property and good will, and that such transfer shall operate as a transfer to plaintiffs of said premises and said personal property and good will; that it be adjudged and decreed that plaintiffs are the owners of said personal property, in fee simple of said premises, free and clear of all encumbrances and that plaintiffs are the owners of said personal property, fixtures, stock in trade and good will as hereinbefore set out, and that defendant and each of them be restrained and enjoined from asserting any right, title or interest therein or thereto; and for such other and further relief as may be just and equitable and for costs."

On October 4, 1945, petitioners filed their demurrer to the complaint of Margaret Garaventa on file in the Calaveras County action, and at the same time made a motion requesting that the proceeding therein be stayed pending a final determination of their Sacramento County action.

On October 31, 1945, the Superior Court of Sacramento County made an order denying the motion of Margaret Garaventa for a change of venue, and, no appeal having been taken therefrom, said order has become final.

On February 16, 1946, the Superior Court of Calaveras County made an order denying petitioners' motion for a stay of proceedings, and overruled their demurrer to the Garaventa complaint. Petitioners further allege herein that the superior court in and for the county of Calaveras will, unless

prohibited, proceed with the trial and determination of the cause therein pending, and that a decree in favor of the plaintiff therein would be a bar to petitioners' recovery in the action pending in Sacramento County.

It is apparent that the foregoing facts present a case based on the rule that where two tribunals have concurrent jurisdiction over the same parties and subject matter, the tribunal in which jurisdiction first attaches is entitled to retain it exclusively, and prohibition lies to restrain the other tribunal from taking any further proceedings pending the complete exercise thereof. (*Browne* v. *Superior Court*, 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276]; *Slinack* v. *Superior Court*, 216 Cal. 99, 106 [13 P.2d 670]; *Lee* v. *Superior Court*, 191 Cal. 46, 49 [214 P. 972]; *Milani* v. *Superior Court*, 61 Cal.App.2d 463, 466-467 [143 P.2d 402, 935]; *Wright* v. *Superior Court*, 43 Cal.App.2d 181, 183 [110 P.2d 529]; *Gorman* v. *Superior Court*, 23 Cal.App.2d 173, 176-177 [72 P.2d 774]; *De Brincat* v. *Mogan*, 1 Cal.App.2d 7, 10 [36 P.2d 245].)

At the outset of the proceedings the courts of both counties had concurrent jurisdiction of the subject matter of the actions which properly may be said to constitute or include real and personal property situated in Calaveras County and the respective rights and interests of the parties in and to said property under an alleged contract for the purchase and sale thereof (*Crew* v. *Pratt*, 119 Cal. 139, 148, 151 [51 P. 38]; Words and Phrases (Perm. ed.), pp. 361-366, defining "subject-matter.")

The circumstance that the action filed in the respondent court in Calaveras County was one to try title did not give said court exclusive jurisdiction over the subject matter thereof. It is well settled that section 5 of article VI of the Constitution dealing with the place for commencing certain kinds of actions pertaining to real estate, and section 392 of the Code of Civil Procedure dealing with the proper place for trying such actions, do not apply where the subject matter of the action is essentially transitory (*Neet* v. *Holmes*, 19 Cal.2d 605, 611 [122 P.2d 557]), as in a case where personal property is involved (*Maguire* v. *Cunningham*, 64 Cal.App. 536, 543 [222 P. 838]), or where there is joined with a local cause of action, in good faith and not merely incidentally, a cause of action of a personal nature (*Turlock Theatre Co.* v. *Laws*, 12 Cal.2d 573, 578 [86 P.2d 345, 120 A.L.R. 786]).

In such cases, as far as the place of trial is concerned, the provisions of section 395 of the Code of Civil Procedure covering "all other cases" are controlling. (*Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515, 522-523 [274 P. 977]; *Smith* v. *Smith*, 88 Cal. 572, 576 [26 P. 356]; *Vaughan* v. *Roberts*, 45 Cal.App.2d 246, 253, 256 [113 P.2d 884].) In the Maguire and Vaughan cases, the constitutional section is expressly mentioned in connection with the problem.

In the present case, the subject matter of both actions is of an essentially transitory and personal nature—the one, an action to quiet title to personal as well as real property (*Maguire* v. *Cunningham, supra*, at page 554; 22 Cal.Jur. § 24, p. 140), the other an action for the specific performance of a contract relating to such personal and real property (*Sheeley* v. *Jones*, 192 Cal. 256, 258 [219 P. 744]) and for other relief of a personal character (*Cohen* v. *Hellman Commercial T. & S. Bk.*, 133 Cal.App. 758, 766 [24 P.2d 960]).

When the Superior Court of Sacramento County assumed jurisdiction over the subject matter, as of the time when summons was served on the complaint therein filed (Code Civ. Proc., § 416; *De Brincat* v. *Mogan, supra*, at page 10), and continued to maintain jurisdiction after the filing of the amended complaint, the jurisdiction of said court was exclusive, and the threatened invasion thereof presented a case for prohibition under the provisions of section 1102 of the Code of Civil Procedure which authorizes the use of the writ of prohibition to arrest proceedings of any judicial tribunal which are "without or in excess of the jurisdiction of such tribunal." (*Slinack* v. *Superior Court, supra*, at page 105.) Whether interference with the jurisdiction of another court having priority constitutes action in excess of jurisdiction by reason of statutory mandate (see *San Jose etc. Storage Co.* v. *San Jose*, 19 Cal.App.2d 62, 64-65 [64 P.2d 1099]), or by reason of judicial precedent based on a rule of necessity or convenience (see 21 C.J.S. § 492, p. 747), it is no longer an open question in California that prohibition is a proper remedy when such interference threatens. (See cases cited at the beginning of the discussion in this opinion.)

However, this conclusion would not prevent Margaret Garaventa, the plaintiff in the quiet title action, from obtaining the relief she seeks by filing in the Superior Court of Sacramento County her answer (*Smart* v. *Peek*, 213 Cal. 452, 454

[2 P.2d 380]; *Hungarian Hill Gravel Mining Co.* v. *Moses,*
58 Cal. 168, 177), denial (*Brooks* v. *White,* 22 Cal.App. 719,
721 [136 P. 500]; *Pitcairn* v. *Harkness,* 10 Cal.App. 295, 299
[101 P. 809]), or cross-complaint.

▮ The additional fact that the parties to the two actions
are not entirely identical does not preclude petitioners from
prosecuting their action to completion, because the court
wherein the suit will be tried, the Superior Court of Sacra-
mento County, has jurisdiction to bring in all the necessary
parties, and that is all that is required under the rule in ques-
tion. (*Slinack* v. *Superior Court, supra,* at page 106; *Gor-
man* v. *Superior Court, supra,* at pages 176-178.) And of
course the difference in the relative positions which the parties
occupied at the outset of the two proceedings does not alter
the essential nature of the proceedings or the issues involved
therein. (*Gorman* v. *Superior Court, supra.*)

Likewise of little moment is the circumstance that the
remedies sought by the two actions are not precisely the same.
(*Milani* v. *Superior Court, supra; Wright* v. *Superior Court,
supra.*) The significant fact is that the Superior Court of
Sacramento County has the power and is charged with the
duty of litigating all the issues and giving all the relief to
which any of the parties may be entitled under the pleadings.
(See *Wright* v. *Superior Court, supra,* at page 183.) And as
far as identity of issues is concerned, it is apparent that what
the plaintiff in the Calaveras action seeks is a declaration
that the defendants therein, petitioners herein, have no right,
title, or interest in the property involved, and that in order
to quiet title against them it would be necessary for the court
to determine that they have no rights as purchasers under
the contract of sale, which rights are the very subject of the
action in Sacramento County.

▮ It may be observed that, in considering the questions
involved herein, we have taken the amended complaint which
petitioners filed in Sacramento County as the basis of com-
parison, and not the original complaint. This is due to the
fact that the propriety of issuing a writ of prohibition de-
pends upon the situation as it exists at the time when the
writ would issue. (*Slinack* v. *Superior Court, supra,* at page
106; *People* v. *District Ct. of Appeal,* 207 Cal. 361, 362 [278 P.
439]; 50 C.J. § 18, pp. 662-663.) It is particularly appro-
priate that this be done in the present case, since it is the

amended petition which was relied on by petitioners when they made their motion in the respondent court for a stay of proceedings, the amended petition having theretofore been filed in the Superior Court of Sacramento County.

 Counsel for respondent, in opposing the issuance of the writ, advances the contention that petitioners fail to show that injury would result to them if the Calaveras County action were tried, because they could file their cross-complaint therein and have all the issues that have been raised litigated in the court of that county. This is substantially the same argument that was made in the case of *Gorman* v. *Superior Court, supra,* and found to be without merit. In that case the court stated, at page 176:

"If both actions are allowed to proceed to trial and he (petitioner) files a cross-complaint in the other action, as suggested by respondents, the petitioner will be subjected to two trials over one controversy which may result in his being found negligent and liable for all of the damage accruing from the accident in one court and found free from negligence and entitled to recover his own loss in the other. A similar result might obtain as to some of the other parties. A mere statement of the situation is sufficient to demonstrate that the entire matter should be heard and determined in one court and to indicate that the issuance of this writ is necessary to prevent an injustice to some of the parties, including the petitioner."

In support of his contention on this phase of the case, counsel quotes an excerpt from the opinion in *Hamm* v. *San Joaquin etc. Canal Co.,* 44 Cal.App.2d 47, 55-56 [111 P.2d 940], a case dealing with the question of abatement where two actions between the same parties are filed in the same court. The distinction between such a situation and the one with which we are here concerned is lucidly stated in the paragraph preceding the excerpt relied upon by counsel for respondent, wherein the court in distinguishing the case of *Gorman* v. *Superior Court, supra,* stated in part as follows:

"That case arose over a conflict of jurisdiction between the courts of two different counties in each of which counties suits between the identical parties involving the same automobile casualty were filed. . . . It was there properly held in accordance with section 416 of the Code of Civil Procedure that the court from which the summons and complaint were

first served was entitled to retain and control all subsequent proceedings in the litigation. . . . That situation does not exist in the present case where both actions are pending in the same court, and they are consolidated for trial and the court retains, not only the jurisdiction, but the control of all proceedings in both cases. The last-mentioned procedure is not in violation of section 416 of the Code of Civil Procedure.''

Let the peremptory writ issue as prayed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied October 4, 1946.