[Civ. No. 18430. Third Dist. Mar. 26, 1980.]

CALIFORNIA UNION INSURANCE COMPANY et al.,
Plaintiffs and Appellants, v.
TRINITY RIVER LAND COMPANY, INC., et al., Defendants and
Respondents.

**COUNSEL**

Thornton, Taylor & Downs, Jerome F. Downs and Clarke B. Holland for Plaintiffs and Appellants.

Barr, Minoletti, Newlan & Beasley, John K. Letton and John D. Barr for Defendants and Respondents.

**OPINION**

**GROSSFELD, J.***—Plaintiffs appeal from a judgment of dismissal of their first amended complaint for declaratory relief, after a demurrer was sustained without leave to amend. We reverse.

*Assigned by the Chairperson of the Judicial Council.

Plaintiffs' initial complaint, filed in Trinity County on July 25, 1978, sought a declaration of nonliability or limited liability of plaintiffs-insurers to defendant corporation and Stott, its sole shareholder. Plaintiffs alleged they insured a building owned by defendants for a total of $350,000 and unscheduled personal property for $30,000; the building, located in Trinity County near Weaverville, was completely destroyed by fire on December 20, 1977, while the policies were in effect; defendants notified plaintiffs of the fire and claimed a $380,000 loss; Stott was responsible for the fire and had fraudulently concealed relevant information (income tax returns) after the loss; plaintiffs are liable, if at all, only for the actual cash value of the destroyed property, which they set as $130,000.

Personal service of plaintiffs' first complaint on Stott, as an individual and on behalf of the corporation, was accomplished on July 25, 1978. On August 23, 1978, defendants filed a complaint in Shasta County Superior Court, claiming (1) a loss of $430,000 under the policies issued by defendants through their Redding agent, Don Bertucci; (2) wrongful refusal to pay the claim; (3) negligence by Bertucci in failing to provide $50,000 worth of insurance; and (4) misrepresentation, unfair claim practices, and defamation by the insurers. Bertucci was named a defendant in the Shasta County suit, as were the plaintiffs in the Trinity County suit.

The day after the Shasta County suit was filed, defendants noticed a demurrer and motion to change venue for hearing on September 11, 1978, in Trinity County Superior Court. They argued the demurrer should be sustained because the complaint failed to state facts sufficient to constitute a cause of action, another action was pending between the same parties for the same cause, and there was a defect or nonjoinder of parties.

At the request of all parties, the hearing was continued to November 6. On October 13, plaintiffs filed their first amended complaint for declaratory relief, the substance of which was identical to the initial complaint. On November 2, the hearing was again continued by stipulation and set for December 8.

After the hearing, the court sustained the demurrer without leave to amend on the grounds that the first amended complaint failed to state a cause of action and another action was pending. Judgment was entered

after the court denied plaintiffs' motion to reconsider.[1] This appeal followed.

Plaintiffs contend the court erred in granting defendants' demurrer because the Shasta County action was not pending when they commenced the Trinity County suit, a declaratory relief action is appropriate in the circumstances of this case, they have an absolute right to seek judicial resolution of the dispute, and defendants should not be permitted to manipulate venue by filing a subsequent action elsewhere. Defendants contend a subsequently filed action may be "another action pending" and cause for demurrer under Code of Civil Procedure section 430.10, subdivision (c),[2] declaratory relief is inappropriate because the dispute involves no third party, only past wrongs are alleged by plaintiffs, and these issues can be determined in the "main action" in Shasta County. They further contend that defendants, as "normal plaintiffs" have the right to choose venue and we may set aside a refusal to grant declaratory relief only for patent abuse of discretion.

I

█ We begin with a consideration of the Shasta County action and its effect on the demurrer. The general rule is that a demurrer lies only for defects appearing on the face of a complaint. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 797, pp. 2410-2412.) When a special demurrer is interposed alleging another action pending, however, the court may take judicial notice of the pending suit. (*Id.*, § 798 at p. 2412.) In such a case, the defendant must show that the parties, cause of action, and issues are identical, and the same evidence would support the judgment in each case. (See 3 Witkin, *supra*, § 821, p. 2429; Code Civ. Proc., § 430.10, subd. (c).) In this case, of course, the parties are not identical, since Bertucci is not included in the Trinity suit.

█ The controlling rule in this case, however, is that the pendency of another action growing out of the same transaction (here, the insur-

---

[1] The memorandum and order states: "The issues presented by plaintiffs' complaint for declaratory relief can be litigated in Action No. 61220 filed in Shasta County Superior Court. That remedy is speedy and adequate and will avoid a multiplicity of actions."

[2] Code of Civil Procedure section 430.10 reads in pertinent part: "The party against whom a complaint or cross-complaint has been filed may object, by demurrer..., to the pleading on any one or more of the following grounds:...(c) There is another action pending between the same parties on the same cause of action."

ance contracts and the fire) is a ground for abatement of the second action but never for abatement of the first. (*Kirman* v. *Borzage* (1949) 89 Cal.App.2d 898, 903 [150 P.2d 3]; *Hagan* v. *Fairfield* (1961) 194 Cal.App.2d 240, 246-247 [16 Cal.Rptr. 14].) The underlying theory of the plea of another action pending is that the *first* action will normally be an ample remedy, and the *second* action (here, the Shasta County suit) is therefore unnecessary and vexatious. (Our italics.) (*Williams* v. *State of California* (1976) 62 Cal.App.3d 960, 964 [133 Cal.Rptr. 539]; *Colvig* v. *RKO General, Inc.* (1965) 232 Cal.App.2d 56, 70 [42 Cal.Rptr. 473]; *Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891 [151 P.2d 840].) The interpretation of the statute for which defendants argue could result in serial complaint filings and demurrers in different counties; there would be nothing to prevent plaintiffs from filing a third complaint in a third forum and pleading another action pending to the Shasta County court. The statute was not designed to encourage such absurdity.

Since there is no issue raised in the Shasta County suit which could not be raised and determined in the Trinity County suit (see *Childs* v. *Eltinge* (1973) 29 Cal.App.3d 843 [105 Cal.Rptr. 864]) and no necessary party who could not be joined in that suit (see *Myers* v. *Superior Court* (1946) 75 Cal.App.2d 925 [172 P.2d 84]), neither the special demurrer nor the rule of exclusive concurrent jurisdiction allows granting defendants' motion. (See *Childs* v. *Eltinge, supra.*) ▮ The latter rule provides that when two superior courts have concurrent jurisdiction over the subject matter and all parties involved in litigation, the first to assume jurisdiction has exclusive and continuing jurisdiction over the subject matter and all parties involved until such time as all necessarily related matters have been resolved. (*Halpin* v. *Superior Court* (1971) 14 Cal.App.3d 530, 545 [92 Cal.Rptr. 329].) Priority of jurisdiction resides in the tribunal where process is first served. (*Mungia* v. *Superior Court* (1964) 225 Cal.App.2d 280, 283 [37 Cal.Rptr. 285].) ▮ In this case, the proof of service attached to plaintiffs' initial complaint shows it was served on July 25, 1978, prior to defendants' August 23 filing of suit in Shasta County. We conclude the trial court erred in sustaining defendants' demurrer on the ground of another action pending.[3]

---

[3]Even if the court's conclusion had been correct, the appropriate action would have been an abatement, not a dismissal. (*Lord* v. *Garland* (1946) 27 Cal.2d 840, 850-851 [168 P.2d 5]; *Childs* v. *Eltinge, supra*, 29 Cal.App.3d at p. 848.)

## II

■ We turn to the second ground upon which the court sustained the demurrer, the failure of plaintiffs to state a cause of action for declaratory relief. The trial court's order sustaining demurrer stated in part as follows: "Authorities cited at page 2343, 3 Witkin, California Procedure, sustain the proposition that 'there is no basis for declaratory relief where only past wrongs are involved.' While the cited cases may not represent a broad application of that rule, it would appear that the circumstances of this case as defined by the pleadings and declarations herein are uniquely appropriate for the application of the rule." The trial court thereafter ordered the demurrer "sustained on the grounds that the Amended Complaint fails to state a cause of action." From the above it appears that the trial court's ruling was based on the theory that the plaintiffs' action for declaratory relief rests only upon past wrongs.

However, analysis of the authorities indicates the rule regarding past wrongs to be as follows: "Declaratory relief operates prospectively, serving to set controversies at rest. If there is a controversy which calls for a declaration of rights, it is no objection that past wrongs are also to be redressed; but there is no basis for declaratory relief where only past wrongs are involved. . . ." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 722, pp. 2342-2343.)[4]

Hence analysis must be made of plaintiffs' amended complaint in order to ascertain if a present controversy concerning the rights of the parties is alleged. The subject first amended complaint clearly alleges the existence of a present controversy as to the liability, if any, of the plaintiffs under the contracts of insurance in question. Thus the fundamental basis for declaratory relief is present in the pleadings, since we

---

[4]Code of Civil Procedure section 1060 provides: "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights and duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action in the superior court or file a cross-complaint in a pending action in the superior, municipal or justice court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

must take the allegations of plaintiffs' amended complaint as true. (*Haggerty* v. *County of Kings* (1953) 117 Cal.App.2d 470, 478 [256 P.2d 393]; see 3 *Witkin, supra*, § 716, p. 2338.)

■ Defendants' contention that the absence of a third party precludes suit by an insurance company for a declaration of rights and obligations under an insurance contract is without merit. It is true that an insurer has no absolute right to declaratory relief (*McGraw-Edison Company* v. *Preformed Line Products Company* (9th Cir. 1966) 362 F.2d 339) and that the court can deny such relief to any plaintiff in a proper case (*Zetterberg* v. *State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 665 [118 Cal.Rptr. 100]), but it does not follow that every complaint for declaratory relief by an insurance company must be dismissed on demurrer. We see no reason to deny consideration of an otherwise cognizable declaratory relief complaint on the ground that the insurer is a "nominal plaintiff" or that it is more common for the insured to be the plaintiff. (See *State Farm Mut. Auto. Ins. Co.* v. *Spann* (1973) 31 Cal.App.3d 97, 100 [106 Cal.Rptr. 923].) The burden of proof of loss is the same in either case. (*Ibid.*)

A controversy is no less actual or present because no third party is involved. The issue did not even arise in our consideration of *American Home Assurance Co.* v. *Essy* (1960) 179 Cal.App.2d 19 [3 Cal.Rptr. 586], a case close on the facts to those pled in this one. The issue of Stott's alleged misconduct before and after the fire is not collateral, as suggested by defendants, and their reliance on *General of America Ins. Co.* v. *Lilly* (1968) 258 Cal.App.2d 465 [65 Cal.Rptr. 750], is misplaced. That case was concerned with the propriety of a declaratory relief action filed after, not before, the filing of an action for personal injuries which had been commenced by the third party against the insurance company's insured. In upholding the trial court's grant of a demurrer the court stated, "Plaintiff's complaint, however, falls short of the necessary allegations to entitle it, as a matter of right, to maintain the action in declaratory relief, where the issues raised by the complaint may be properly and finally adjudicated in the personal injury action. Under these circumstances, the trial court did not abuse its discretion in sustaining the demurrer without leave to amend." (258 Cal.App.2d at p. 472.)

■ In the case at bench the action commenced by plaintiffs is the main action and all issues raised therein can be properly and finally adjudicated therein.

■

Defendants further contend that a refusal to grant declaratory relief will be set aside only for patent abuse of discretion and the trial court has not committed any such abuse. However, the Supreme Court in *Columbia Pictures Corp.* v. *DeToth* (1945) 26 Cal.2d 753 [161 P.2d 217, 162 A.L.R. 747], stated at page 762: "Where, therefore, a case is properly before the trial court, under a complaint which is legally sufficient to set forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction; and if it does enter a dismissal, it will be directed by an appellate tribunal to entertain the action. Declaratory relief must be granted when the facts justifying that course are sufficiently alleged." (See 3 Witkin, *supra,* § 720, pp. 2341-2342.) In light of the above, defendants' contentions regarding no patent abuse of discretion must be rejected.

The judgment is reversed with directions to the superior court to overrule defendants' demurrer to plaintiffs' first amended complaint.

Puglia, P. J., and Reynoso, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 4, 1980.