[No. AO23410. First Dist., Div. Four. Jan. 3, 1984.]

LAWYERS TITLE INSURANCE CORPORATION, Petitioner v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
JOHN A. HARRIGFELD et al., Real Parties in Interest.

456

**COUNSEL**

David J. Goss and Rubin, Eagan & Feder for Petitioner.

No appearance for Respondent.

Ronald R. Rossi, Harry I. Price and Caputo, Liccardo, Rossi, Sturges & McNeil for Real Parties in Interest.

## OPINION

**CALDECOTT, P. J.**—Petitioner (hereafter Lawyers Title) seeks a writ of prohibition to restrain respondent court from continuing with the adjudication of an action while there is another prior case pending.

On September 8, 1982, Lawyers Title filed an action in San Francisco Superior Court seeking a declaration of its liability to the defendants as escrow holder and title insurer of two lots of commercial real property in San Francisco. On January 6, 1983, certain of the defendants in the San Francisco action filed a complaint for damages in Santa Clara against Lawyers Title and against R. Wayne Moles and Gerald Vanoli who were defendants in the San Francisco action. On January 5, the plaintiffs in the Santa Clara action had appeared in the San Francisco action by answering the complaint for declaratory relief.

On March 31, 1983, Lawyers Title filed an answer in the Santa Clara action alleging as a first affirmative defense that the action should be abated due to the pendency of the prior San Francisco action. On May 20, 1983, Lawyers Title noticed a "Motion for Summary Judgment and Order of Abatement." The motion was accompanied by a request that the Santa Clara court take judicial notice of the San Francisco action and by a declaration of counsel for Lawyers Title outlining the facts of the cases. Plaintiffs in the Santa Clara action opposed the motion. They contended summary judgment was not appropriate to abate an action because it would result in a final judgment. They also contended that summary judgment was not appropriate because the two lawsuits were not the same. On June 27, 1983, Lawyers Title filed an amended motion for summary judgment and order of abatement citing Code of Civil Procedure section 597, as well as sections 430.10, subdivision (c) and 437c, subdivision (c), which had been cited earlier.

A hearing was held on June 29. The motion was denied on that date. The instant petition was filed July 12, 1983, and opposition was filed August 5. This court granted an alternative writ.

■ The pendency of another action growing out of the same transaction is a ground for abatement of the second action. (*California Union Ins. Co. v. Trinity River Land Co.* (1980) 105 Cal.App.3d 104, 108-109 [163 Cal.Rptr. 802].) Here there is no dispute that the San Francisco action was filed before the Santa Clara action or that the dispute in both cases arose out of the same transaction.

■ Real parties have offered several arguments to justify the denial of the request to abate the Santa Clara action. They contend, for one thing,

that the request was improperly made as a motion for summary judgment. ██ "A plea in abatement is essentially a request—not that an action be terminated—but that it be continued until such time as there has been a disposition of the first action." (*Shuffer* v. *Board of Trustees* (1977) 67 Cal.App.3d 208, 217 [136 Cal.Rptr. 527].) The plea that another action is pending may be made either by demurrer or by answer. (Code Civ. Proc., § 430.10, subd. (c).) Section 597 of the Code of Civil Procedure provides that if the plea of another action pending is raised by answer, "the court may, either upon its own motion or upon the motion of any party, proceed" to hear the special defense "and where the defense . . . is sustained . . . an interlocutory judgment shall be entered in favor of the defendant pleading the same to the effect that no trial of other issues shall be had until the final determination of such other action . . . ."

██ It is clear from the title and substance of petitioner's first motion that the relief sought was not a judgment on the merits of the underlying controversy. Petitioner continues to maintain that a dismissal without prejudice following granting of a motion for summary judgment would be appropriate. However, to clarify any confusion in the labeling of the motion as one for summary judgment, Lawyers Title filed an amended motion specifying section 597 as a basis for the motion and requesting an "interlocutory judgment" as an alternative form of relief.

██ Real parties also contend that abatement is not appropriate because they would not be entitled to receive any type of monetary compensation in the San Francisco action. Real parties are correct in pointing out that abatement is not appropriate where the first action cannot afford the relief sought in the second. Their reliance on this principle as exemplified by *Williams* v. *State of California* (1976) 62 Cal.App.3d 960 [133 Cal.Rptr. 539], is inapt. In *Williams*, a welfare applicant brought an action to recover damages she suffered from the failure of the agency director to issue a timely final decision after a finding that plaintiff was entitled to benefits. That action could not be abated to await a decision in a pending class action to compel the director to comply with the mandatory time requirements for issuing his decision. In the class action for mandate, the individual welfare recipient had no way to recover damages. (See also *Childs* v. *Eltinge* (1973) 29 Cal.App.3d 843, 847-848 [105 Cal.Rptr. 864].)

Here, however, there is no obstacle to preclude real parties from filing a cross-complaint in the San Francisco action and from securing a determination of all issues. In *California Union Ins. Co.* v. *Trinity River Land Co.*, *supra*, 105 Cal.App.3d 104, relied on by petitioner, the first case filed was a declaratory judgment action by an insurance company. The court stated the rule that the pendency of another action growing out of the same trans-

action as the second action is a ground for abatement of the second action and the first action must take precedence over a later suit for damages filed by the insured since there was no issue which could not be raised in the first suit or no necessary party who could not be joined. (*Id.*, at p. 109; see also *Associated Indemnity Corp.* v. *Wachsmith* (1940) 2 Wn.2d 679 [99 P.2d 420, 422-423]; *E. W. Bliss Co.* v. *Cold Metal Process Co.* (6th Cir. 1939) 102 F.2d 105, 109; cf. *Gorman* v. *Superior Court* (1937) 23 Cal.App.2d 173, 177 [72 P.2d 774].)

█ Finally, real parties suggest that respondent court was justified in denying the motion to abate because all issues would be determined in the Santa Clara action and because Lawyers Title filed its San Francisco action primarily to take advantage of the discovery permissible in such an action. As to the latter point, real parties liken the situation to that in *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088], where a party initiated a lawsuit in spite of an arbitration clause which they then sought to invoke. The Supreme Court ruled that the offending party had waived its right to compel arbitration because its conduct in bringing its lawsuit was in bad faith. Here, real parties point to a statement by counsel for Lawyers Title that its investigation of the demand for title insurance policy coverage was impeded by the failure of the purported "proof of loss" to identify the individuals or entities on whose behalf the proof of loss was made. "As a result, LTIC [Lawyers Title] determined that invocation of the formal discovery processes . . . was essential to a thorough and good faith investigation of the alleged claim." This does not exhibit bad faith in filing the declaratory relief action which Lawyers Title was entitled to file; in contrast, the plaintiffs in *Christensen* had no right to file a lawsuit in the face of their duty to arbitrate.

The fact that a suit for damages seems more appropriate or expeditious than a declaratory relief action and can resolve all issues is no basis for denying a motion to abate. █ An order of abatement issues as a matter of right not as a matter of discretion where the conditions for its issuance exist. █ Under the rule of exclusive concurrent jurisdiction, when two superior courts have concurrent jurisdiction over the subject matter and the parties, the first court to assume jurisdiction has exclusive and continuing jurisdiction until such time as all necessarily related matters have been resolved. (*California Union Ins. Co.* v. *Trinity River Land Co., supra,* 105 Cal.App.3d at p. 109.) A writ of prohibition is an appropriate remedy when the second court refuses to recognize this exclusive jurisdiction. (*Browne* v. *Superior Court* (1940) 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276]; *Slinack* v. *Superior Court* (1932) 216 Cal. 99, 106 [13 P.2d 670]; *Myers* v. *Superior Court* (1946) 75 Cal.App.2d 925, 929 [172 P.2d 84]; *Gorman* v. *Superior Court, supra,* 23 Cal.App.2d at p. 178.)

Let a peremptory writ of prohibition issue commanding respondent court to refrain from any further proceedings in Santa Clara Superior Court action No. 515458 while the San Francisco action is pending.

Panelli, J., and Capaccioli, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.