[No. A049252. First Dist., Div. Five. Oct. 16, 1990.]

PLANT INSULATION COMPANY, Plaintiff and Appellant, v. FIBREBOARD CORPORATION, Defendant and Respondent.

**COUNSEL**

Barnum, Balthazar, De Lara & Nielsen, James C. Nielsen and Christine Balthazar for Plaintiff and Appellant.

Brobeck, Phleger & Harrison, Kelly C. Wooster, John E. Carlson and Kevin MacDougald for Defendant and Respondent.

**OPINION**

**HANING, J.**—Plaintiff and appellant Plant Insulation Company appeals an order dismissing its breach of contract and indemnity action against defendant and respondent Fibreboard Corporation with respect to numerous pending actions in which appellant and respondent are named defendants by plaintiffs alleging personal injuries and wrongful death resulting from exposure to asbestos. Appellant contends the court misapplied the doctrine of exclusive concurrent jurisdiction.

### FACTS AND PROCEDURAL HISTORY

Appellant is an industrial insulation contractor and installer and distributor of respondent's and other manufacturers' insulation products. In certain areas of California and Nevada it has been the exclusive distributor since 1948 of asbestos products manufactured by respondent. Since the 1970's, asbestos claimants have sued appellant and respondent in approximately

4,000 suits alleging bodily injury and death from asbestos exposure. In 1983 appellant, respondent and respondent's liability insurer executed an agreement in which the insurer agreed to defend and indemnify appellant in all asbestos cases covered by the insurer in which both appellant and respondent were named as defendants, and in which appellant's liability was based on appellant's "passive negligence as a seller of [respondent's] asbestos-containing products." In return for the defense and indemnity coverage, appellant paid a case-handling fee. Respondent declares, and appellant does not dispute, that the 1983 agreement terminated in June 1985.

In 1988, *Far West Financial Corp.* v. *D & S Co.* (1988) 46 Cal.3d 796 [251 Cal.Rptr. 202, 760 P.2d 399] held that tort defendants who entered into good faith settlements under Code of Civil Procedure sections 877 through 877.6[1] were absolved of any further liability to codefendants for all equitable indemnity claims, including total equitable indemnity. Thereafter, respondent revised its settlement releases to provide that its distributors were not released if a good faith settlement barred indemnity claims. The result was that respondent stopped covering appellant in settlements in asbestos cases in which both were named as defendants.

Subsequently, respondent sought and obtained good faith determinations (§§ 877-877.6) of its settlements with asbestos plaintiffs in several actions, thus barring cross-complaints for indemnity filed against it therein by appellant. At the time, over 1,000 of appellant's cross-complaints were pending in asbestos suits against respondent in various Bay Area counties.

In December 1989 appellant filed the instant action in Marin County. Although appellant alleges several theories, including breach of contract, breach of the covenant of good faith and fair dealing, implied contractual indemnity, total equitable indemnity and declaratory relief, appellant essentially seeks to prevent respondent from entering into good faith settlements with plaintiffs in the asbestos suits. The cause of action for breach of contract alleges respondent's breach of the parties' 1948 distributorship agreement. Appellant alleges that pursuant to the distributorship agreement respondent bore the burden of defending and settling asbestos suits on appellant's behalf and has breached the agreement by refusing to do so. The sixth cause of action for breach of contract alleges respondent's breach of a written "apportionment of liability" agreement (apportionment agreement), executed in the late 1970's, pursuant to which respondent allegedly was required to settle asbestos suits on appellant's behalf. The complaint seeks damages and a declaration of the rights and responsibilities of the parties as

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

to the asbestos suits pursuant to the distributorship agreement, apportionment agreement, and the doctrine of total equitable indemnity. Appellant also petitioned the trial court to enjoin respondent from (1) commencing or pursuing good faith settlement proceedings in any other court, and (2) from prosecuting its cross-complaints in the pending asbestos actions.

In connection with its filing of the instant action, appellant sought to avoid a demurrer on the ground of "another action pending" (§ 430.10, subd. (c)) by dismissing without prejudice all of its indemnity cross-complaints against respondent in the pending asbestos cases. Thereafter, respondent cross-complained against appellant in the pending asbestos suits for indemnity and declaratory relief. Respondent's cross-complaints allege in part that it owes appellant no duty to defend or settle the asbestos suits and never incurred such duty under the distributorship agreement or any other agreement. Respondent moved for abatement and/or dismissal of appellant's complaint on the ground it involves asbestos suits pending in other California courts which have exclusive, prior jurisdiction over the controversies. Respondent also sought a stay of the complaint as to asbestos cases in other states and federal courts as a matter of comity, and to avoid multiple litigation. In addition, respondent demurred and moved to strike the complaint for lack of jurisdiction, as well as on the merits.

Following a hearing on respondent's motion the trial court dismissed the complaint without prejudice with respect to asbestos suits pending in other California courts, based on its determination that the doctrine of exclusive concurrent jurisdiction applied because the subject matter arose out of the same transaction, there were no issues presented that could not be determined in the pending asbestos suits, and all parties were already before the court in those suits. The court stayed the instant action with respect to asbestos suits pending in other states and federal courts. With respect to asbestos suits pending in Marin County, the instant action was dismissed without prejudice and appellant was granted leave to file it as a cross-complaint in those suits. The court found it unnecessary to rule on respondent's demurrer and motion to strike, and ordered appellant's injunction applications off calendar. Only the court's ruling on the dismissal and abatement motion is at issue on appeal.

## DISCUSSION

Appellant contends the court misapplied the rule of exclusive concurrent jurisdiction in dismissing appellant's action with respect to asbestos suits pending in California courts.

■ Under the rule of exclusive concurrent jurisdiction, "when two superior courts have concurrent jurisdiction over the subject matter and all

parties involved in litigation, the first to assume jurisdiction has exclusive and continuing jurisdiction over the subject matter and all parties involved until such time as all necessarily related matters have been resolved." (*California Union Ins. Co.* v. *Trinity River Land Co.* (1980) 105 Cal.App.3d 104, 109 [163 Cal.Rptr. 802] (*California Union*); see also, *Lawyers Title Ins. Corp.* v. *Superior Court* (1984) 151 Cal.App.3d 455, 460 [199 Cal.Rptr. 1] (*Lawyers Title*); *Myers* v. *Superior Court* (1946) 75 Cal.App.2d 925, 929 [172 P.2d 84]; 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 341, p. 760.) The rule is based upon the public policies of avoiding conflicts that might arise between courts if they were free to make contradictory decisions or awards relating to the same controversy, and preventing vexatious litigation and multiplicity of suits. (*Childs* v. *Eltinge* (1973) 29 Cal.App.3d 843, 849, fn. 7 [105 Cal.Rptr. 864]; accord *Greene* v. *Superior Court* (1951) 37 Cal.2d 307, 311 [231 P.2d 821]; *San Bernardino etc. Water Dist.* v. *Gage Canal Co.* (1964) 226 Cal.App.2d 206, 212-213 [37 Cal.Rptr. 856].) The rule is established and enforced not "so much to protect the rights of parties as to protect the rights of Courts of co-ordinate jurisdiction to avoid conflict of jurisdiction, confusion and delay in the administration of justice." (*Crowley* v. *Davis* (1869) 37 Cal. 268, 269.) The rule of exclusive concurrent jurisdiction may constitute a ground for abatement of the subsequent action. (*Lawyers Title, supra,* at p. 458; *California Union, supra,* at pp. 108-109.) ■ "An order of abatement issues as a matter of right not as a matter of discretion where the conditions for its issuance exist." (*Lawyers Title, supra,* at p. 460.) However, abatement is not appropriate where the first action cannot afford the relief sought in the second. (*Id.,* at p. 459; see also *Childs* v. *Eltinge, supra,* at pp. 847-848 [168 P.2d 5] [168 P.2d 5].)

A

■ Appellant first contends that exclusive concurrent jurisdiction does not exist because it and respondent were not adverse parties in the pending asbestos actions, but were codefendants. Appellant argues without citation of authority that the rule of exclusive concurrent jurisdiction "is a court-made liberalization" of the statutory plea in abatement (§ 430.10) and that application of both the plea in abatement and the rule of exclusive concurrent jurisdiction require a prior pending action between adverse parties. We disagree.

■ A plea in abatement pursuant to section 430.10, subdivision (c), may be made by demurrer or answer when there is another action pending between the *same parties* on the *same cause of action.* (*Lawyers Title, supra,* 151 Cal.App.3d at p. 459; *Childs* v. *Eltinge, supra,* 29 Cal.App.3d at p. 848.) In determining whether the causes of action are the same for purposes of pleas in abatement, the rule is that such a plea may be maintained only

where a judgment in the first action would be a complete bar to the second action. (*Lord* v. *Garland* (1946) 27 Cal.2d 840, 848 [168 P.2d 5].) Where a demurrer is sustained on the ground of another action pending, the proper order is not a dismissal, but abatement of further proceedings pending termination of the first action. (§ 597; *Lord* v. *Garland, supra,* at p. 850; *Franchise Tax Board* v. *Firestone Tire & Rubber Co.* (1978) 87 Cal.App.3d 878, 884 [151 Cal.Rptr. 460]; *Childs* v. *Eltinge, supra,* at p. 848.)

Although the rule of exclusive concurrent jurisdiction is similar in effect to the statutory plea in abatement, it has been interpreted and applied more expansively, and therefore may apply where the narrow grounds required for a statutory plea of abatement do not exist. (*Childs* v. *Eltinge, supra,* 29 Cal.App.3d at p. 849.) Unlike the statutory plea of abatement, the rule of exclusive concurrent jurisdiction does not require absolute identity of parties, causes of action or remedies sought in the initial and subsequent actions. (*Stearns* v. *Los Angeles City School Dist.* (1966) 244 Cal.App.2d 696, 708 [53 Cal.Rptr. 482, 21 A.L.R.3d 164]; *Myers* v. *Superior Court, supra,* 75 Cal.App.2d at p. 931.) If the court exercising original jurisdiction has the power to bring before it all the necessary parties, the fact that the parties in the second action are not identical does not preclude application of the rule. Moreover, the remedies sought in the separate actions need not be precisely the same so long as the court exercising original jurisdiction has the power to litigate all the issues and grant all the relief to which any of the parties might be entitled under the pleadings. (*Childs* v. *Eltinge, supra,* at p. 850; *Robinson* v. *Superior Court* (1962) 203 Cal.App.2d 263, 270-271 [21 Cal.Rptr. 475].)

In the instant case the courts exercising original jurisdiction over the prior pending asbestos suits need not exercise their powers to bring appellant or respondent into the actions, since both are named and served in each action. The mere fact that appellant and respondent are not designated by the plaintiffs as adverse parties in the pending actions does not preclude application of the rule.

Appellant relies on *Indenco, Inc.* v. *Evans* (1962) 201 Cal.App.2d 369 [20 Cal.Rptr. 90] in arguing that because codefendants may sue each other in a concurrent, independent action for declaratory relief regarding their respective obligations relative to the first action, a declaratory relief action between codefendants need not be brought as a cross-complaint to the first action. However, the result in *Indenco* does not avoid application of the rule of exclusive jurisdiction in the instant case. As we previously stated, the rule may be applied to avoid conflicts that might arise between different courts and to prevent vexatious litigation and multiplicity of suits. Moreover,

*Indenco* involved two suits pending in the same court, and the opinion does not mention the rule of exclusive concurrent jurisdiction.

## B

■ Appellant also contends that the doctrine of exclusive concurrent jurisdiction has no application because the pending asbestos suits do not involve the same subject matter as the instant action. This contention is premised on the argument that the asbestos suits are personal injury actions, while the dispute in the instant case involves contract principles involving the respective rights and obligations of manufacturers and distributors in product liability actions. Appellant relies on *Stearns* v. *Los Angeles City School Dist., supra*, 244 Cal.App.2d 696, which stated: "The true test [for applying the rule of exclusive concurrent jurisdiction] is whether or not the determination in the first suit would be res judicata in the second suit." (*Id.*, at p. 714.) Thus, appellant argues, since a judgment in the asbestos suits would not bar the instant action, application of the rule of exclusive concurrent jurisdiction was improper.

No case since *Stearns* has required a res judicata test for application of the rule of exclusive concurrent jurisdiction. (See *Childs* v. *Eltinge, supra*, 29 Cal.App.3d 843; *California Union, supra*, 105 Cal.App.3d 104; *Lawyers Title, supra*, 151 Cal.App.3d 455.) *Childs* questioned whether a res judicata test is preferable to applying the rule based upon the policies of avoiding conflicts between courts and protecting litigants from the expense and harassment of multiple litigation. We agree with *Childs* that the res judicata test is not required for application of the rule of exclusive concurrent jurisdiction. Instead, we adopt the more expansive subject matter test applied in recent cases and by the trial court herein, which considers whether the first and second actions arise from the "same transaction." (*Lawyers Title, supra*, at p. 458; *California Union, supra*, at pp. 108-109.)

In the instant case appellant's complaint refers to the asbestos suits in which it and respondent are codefendants, and alleges its liability in those actions is based on its status as a distributor of respondent's products. The determination of its liability relative to respondent is an issue in those actions, in any good faith settlement determination in those actions, and in the indemnity claims in the instant action. Thus, we conclude the relative liability of the parties to the asbestos claimants arises out of the same transaction, and the subject matter is the same for purposes of application of the rule of exclusive concurrent jurisdiction.

## C

Appellant argues that even if the technical requirements were satisfied, application of the rule of exclusive concurrent jurisdiction would

improperly require it to file approximately 4,000 cross-complaints for indemnity instead of the single Marin County action, thus fostering a multiplicity of litigation. Standing alone, this argument presents a certain facial appeal, since economy of litigation is a desirable goal, particularly in light of the current strain imposed on our trial courts. However, if the argument has any validity it must rest on appellant's claim of *express* contractual indemnity.

The Supreme Court's decisions in *Far West Financial Corp.* v. *D & S Co., supra,* 46 Cal.3d 796 and *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012 [269 Cal.Rptr. 720, 791 P.2d 290] have established that a good faith settlement relieves a settling defendant from further claims by codefendants based on total equitable indemnity and implied contractual indemnity. Consequently, any claims by appellant based on either of these theories that respondent is precluded from entering into good faith settlements, is foreclosed. What remains of appellant's attempt in the instant action to bar such settlements is its claim of express contractual indemnity which, if proven, is not barred by a good faith settlement. (See *Bay Development, Ltd.* v. *Superior Court, supra,* at p. 1032; *E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 506-507 [146 Cal.Rptr. 614, 579 P.2d 505]; *C. L. Peck Contractors* v. *Superior Court* (1984) 159 Cal.App.3d 828, 834 [205 Cal.Rptr. 754].)

Appellant's claim of express contractual indemnity is apparently based on either or all of the following: (1) The 1948 distributorship agreement; (2) the late 1970's apportionment agreement; and (3) the 1983 "passive negligence" agreement. ■ With regard to express contractual indemnity, the Supreme Court has noted that " '[W]hereas the parties to an express indemnity provision may, by the use of sufficiently specific language, establish a duty in the indemnitor to save the indemnitee harmless from the results of even *active* negligence on the part of the latter [citations], in the absence of this a provision will be construed to provide indemnity to the indemnitee only if he has been no more than *passively* negligent. [Citation.] [And] [e]ven an indemnitee who has been only *passively* negligent may be precluded from indemnification if the contractual provision agreed upon provides indemnity only for liabilities resulting from acts of the indemnitor and not from those of others.' [Citations.] Thus, while parties remain free to enter into contractual agreements providing for total indemnity, governing case law seeks to assure that, when they do, the contractual language is sufficiently specific to alert the potential indemnitor to the full scope of its obligation." (*Bay Development, Ltd.* v. *Superior Court, supra,* 50 Cal.3d at p. 1033, quoting from *E. L. White, Inc.* v. *City of Huntington Beach, supra,* 21 Cal.3d at p. 507, fns. omitted.)

The 1948 distributorship agreement does not concern indemnity or otherwise provide any basis for appellant's claim. When pressed at oral argument why or how the distributorship agreement provided for any claim of indemnity, appellant offered only the non sequitur that the agreement designated it as a distributor of respondent's products. This does not satisfy the specific language requirement announced by *E. L. White* and *Bay Development*.

It is undisputed, as we previously noted, that the 1983 agreement expired in 1985 and, in any event, is limited to "passive negligence" and does not cover any independent negligence or other basis of liability by appellant.

The apportionment agreement allegedly entered into in the late 1970's does not appear in the record. At oral argument appellant contended that respondent's demurrer admitted the alleged apportionment agreement. However, the trial court did not rule on the demurrer, but entertained an evidentiary motion in which it considered a volume of documents, which demonstrated that appellant was sued in the underlying asbestos cases as a contractor and installer of asbestos products and engaged in the removal, repair and installation of asbestos products, including products manufactured by entities other than respondent. It is undisputed that in all the cross-complaints it filed in the underlying actions, appellant never pled or asserted the apportionment agreement as a contract providing for indemnity. If such an agreement exists, we fail to understand why it has never appeared in the record, and appellant offers no reason for its absence. Nevertheless, even assuming that the apportionment agreement expressly provides that respondent indemnify appellant for all claims in the pending asbestos suits, appellant has not demonstrated that its indemnity claim could not be determined in the context of the asbestos suits. The subject matter is identical, the relief sought by appellant can be obtained in a pending action, and there are no issues presented which cannot be determined nor is there any necessary party not already before the court in those actions. If appellant should prevail on its claim of express contractual indemnity, that judgment would be res judicata for all similar actions, and appellant would achieve the relief it seeks herein.

D

■ Finally, appellant contends the court erred in ordering a dismissal. We agree. *Childs* held that where the rule of exclusive concurrent jurisdiction is applicable, dismissal of the subsequent action is improper. (*Childs* v. *Eltinge, supra*, 29 Cal.App.3d at pp. 855-856.) Citing *Lord* v. *Garland, supra*, 27 Cal.2d at page 851, *Colvig* v. *RKO General, Inc.* (1965) 232 Cal.App.2d 56 [42 Cal.Rptr. 473] at page 71, and section 597, *Childs* ruled that where a plea in abatement is presented by demurrer, an interlocutory

judgment should be entered to permit the court to retain jurisdiction over the subsequent action so that when a final determination is had in the prior pending action the court will be empowered to determine any remaining issues in the subsequent suit. "We see no reason why the rule should not be generally the same in cases involving exclusive concurrent jurisdiction of courts within the same jurisdiction . . . ." (*Childs* v. *Eltinge, supra*, at pp. 855-856; 2 Witkin, Cal. Procedure, *op. cit. supra*, Jurisdiction, § 342, pp. 761-762.) Both *Lawyers Title* and *California Union* state that under the rule of exclusive concurrent jurisdiction, the first court to assume jurisdiction has exclusive and continuing jurisdiction "until such time as all necessarily related matters have been resolved." (*Lawyers Title, supra*, 151 Cal.App.3d at p. 460; *California Union, supra*, 105 Cal.App.3d at p. 109.)

Respondent argues that because under the rule of exclusive concurrent jurisdiction the court of original jurisdiction has the power to bring in any necessary parties and to make a complete determination of the controversy, there is no need to keep the second suit alive. It contends that if any issue remains to be determined after the conclusion of the prior pending actions, the parties can litigate it then; therefore, dismissal without prejudice was properly ordered.

We see no reason to divest the court of jurisdiction over appellant's action until a final determination is had in the pending asbestos suits which definitely bars the instant action. We therefore conclude the instant action should have been stayed rather than dismissed. Because appellant does not challenge the remainder of the court's order, we consider those issues abandoned. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 41 [210 Cal.Rptr. 762, 694 P.2d 1134]; *Elster* v. *Friedman* (1989) 211 Cal.App.3d 1439, 1440, fn. 1 [260 Cal.Rptr. 148].)

The order of dismissal is reversed and remanded with directions to stay the action in accordance with the views expressed herein. The order is otherwise affirmed.

Low, P. J., and King, J., concurred.