Stevie YOUNKIN, Plaintiff–Appellant,

v.

INTERNATIONAL BUSINESS MA-
CHINES CORPORATION, a New
York Corporation, Defendant–Appel-
lee.

No. 04–55383.
D.C. Nos. CV–03–01284–AHS,
CV–02–00451–AHS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 30, 2005.

Robert K. Scott, Esq., Law Offices of
Robert K. Scott, Irvine, CA, for Plaintiff–
Appellant.

Christopher Tayback, Esq., Christopher
E. Price, Esq., Quinn Emanuel Urquhart
Oliver & Hedges LLP, Los Angeles, CA,
for Defendant–Appellee.

Before CANBY, FERNANDEZ and
BERZON, Circuit Judges.

MEMORANDUM *

Stevie Younkin appeals the district
court's grant of summary judgment to In-
ternational Business Machines Corporation
(IBM) in her action against it for breach of
contract.  She also appeals the district
court's application of res judicata to a sec-
ond action that she filed against IBM. We
affirm.

■ (1) We have conducted a de novo
review of the record [1] and agree with the

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

1.  See Buono v. Norton, 371 F.3d 543, 545 (9th
Cir.2004); Villiarimo v. Aloha Island Air, Inc.,
281 F.3d 1054, 1061 (9th Cir.2002).

district court that, despite Younkin's earnest argument that she had a contract to receive more sick-leave benefits from IBM than she received, there was a dearth of evidence to support her contentions. As a result, there was no genuine dispute of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). In other words, on this record a reasonable jury could not find in her favor. *See Liberty Lobby*, 477 U.S. at 248–51, 106 S.Ct. at 2510–11.

■ (2) Once it granted summary judgment to IBM on Younkin's first action, the district court applied the res judicata branch of California's law regarding primary rights and claim splitting.[2] Application of California claim splitting law was proper in this diversity case. *See Jacobs v. CBS Broad. Inc.*, 291 F.3d 1173, 1177 (9th Cir.2002); *Butcher v. Truck Ins. Exch.*, 77 Cal.App.4th 1442, 1452–55, 92 Cal.Rptr.2d 521, 528–31 (2000); *see also Takahashi v. Bd. of Trs. of Livingston Union Sch. Dist.*, 783 F.2d 848, 851 (9th Cir.1986). The ineluctable conclusion is that at root Younkin asserted a primary right to more sick-leave benefits, and all of her claims depended upon proof of entitlement to those benefits based upon what IBM allegedly promised her.

It is less clear that the district court properly applied the res judicata branch of California law. It did if the district court's decision in the first case was final. If California law controls the answer to that question in this diversity case, we have found no binding authority that California would deem the federal district court's judgment to be final, although it is certain that it would have done so if this were a federal question case. *See Younger v. Jensen*, 26 Cal.3d 397, 411, 605 P.2d 813, 821–22, 161 Cal.Rptr. 905, 913–14 (1980); *Calhoun v. Franchise Tax Bd.*, 20 Cal.3d 881, 887, 574 P.2d 763, 765–66, 143 Cal. Rptr. 692, 694–95 (1978); *cf. Performance Plus Fund, Ltd. v. Winfield & Co., Inc.*, 443 F.Supp. 1188, 1189–91 (N.D.Cal.1977) (even in diversity case federal finality law applies). However, even if it did not regard the district court's decision as technically final, California would still have abated the second action until the first one was finally determined. *See* Cal.Civ.Proc.Code § 597; *Lawyers Title Ins. Corp. v. Superior Court (Harrigfeld)*, 151 Cal.App.3d 455, 458–59, 199 Cal.Rptr. 1, 2–3 (1984); *Childs v. Eltinge*, 29 Cal.App.3d 843, 854–55, 105 Cal.Rptr. 864, 872 (1973). But, both actions are before us now, and once the decision affirming the first action becomes final, res judicata as to the second follows as the night the day. Thus, we see no reason to explore the somewhat arcane finality issue under California law at this time. Rather, we affirm the district court because the second action will, indeed, fall with the first. *See United Air Lines, Inc. v. Wiener*, 335 F.2d 379, 405 (9th Cir.1964); *Hahn v. Padre*, 235 F.2d 356, 359 (9th Cir.1956).

AFFIRMED.

---

**2.** *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005); *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 904, 51 P.3d 297, 306–07, 123 Cal.Rptr.2d 432, 443–44 (2002).