JAMES SCHIMMEL, Respondent, v. A. J. MARTIN, Appellant.

[L. A. No. 7277. In Bank.—February 17, 1923.]

H. O. ANDERSON, Respondent, v. A. J. MARTIN, Appellant.

[1] CONTRACTS—SALE OF WATER—LACK OF MUTUALITY IN CONTRACT.— A contract to allow the use of water, considered as a contract for the sale of personal property, is lacking in mutuality where there is no agreement on the part of the user to buy the water offered for sale by the contract.

[2] Id.—Uncertainty in Time—Void Contract.—A contract to allow the use of water is void for uncertainty where no time is specified to which the agreed rate is to apply.

[3] Id.—Right to Use Water—Real Property.—The right to water to be used for irrigation is a right in real property.

APPEAL from judgments of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Reversed.

The facts are stated in the opinion of the court.

R. B. Bidwell for Appellant.

Walters & Mauk for Respondent.

LENNON J.—The above-entitled actions were separately instituted in the court below to recover from defendant damages for an alleged breach of a contract to furnish water to the respective lands of the plaintiffs. The cases come here on appeal upon separate records but the appeals have been submitted upon a single set of briefs and will, therefore, be considered and decided as one.

The undisputed facts are these: On the fourteenth day of February, 1918, a written contract was entered into between one O. K. Uzzell and A. J. Martin, defendant herein, which contract was in the words and figures as follows:

"This agreement, entered into between A. J. Martin, of Baldwin Park, Los Angeles County, California, the party of the first part, and O. K. Uzzell, of Meriden Ave., South Pasadena, California, the party of the second part,

"Witnesseth: That A. J. Martin is the owner of 150 inches of water, the capacity of his pumping plant, in Baldwin Park, California, and he agrees to let O. K. Uzzell have this water continuously at 1½¢ per inch, to be applied on the 20 acres of land owned by O. K. Uzzell, and which adjoins the ranch of A. J. Martin; and O. K Uzzell is to pay monthly for the water he uses. In case O. K. Uzzell fails to pay for the use of water, the party of the first part has the privilege of cutting off the supply, but in case party of the second part fails to pay but does pay later, he shall then have the water supplied to him as in the beginning on the same terms, by paying up all bills for the use of water. And further to secure party of the first part, the party of

the second part agrees that A. J. Martin shall have a lien
on the crops grown on the said 20 acres until he pays said
bills as security for water furnished. The contract agree-
ment shall be continuous under said terms. Said water is
to be furnished to O. K. Uzzell whenever notice is given to
A. J. Martin by party in charge of O. K. Uzzell's ranch.

"Party of the second part to give 5 days notice when
water is wanted.

"(Signed)   A. J. MARTIN,<br>"O. K. UZZELL."

On January 14, 1920, Uzzell transferred his interest in
said contract to James Schimmel and Eva Anderson jointly,
and on June 3, 1920, Eva Anderson assigned her interest in
said contract to H. O. Anderson. In the meantime the title
to the lands mentioned in said contract became vested in
said James Schimmel and H. O. Anderson, plaintiffs herein,
each becoming owner of ten acres thereof. Prior to April
30, 1921, plaintiffs and their predecessors in interest re-
ceived water from defendant's pumping plant for irrigating
said property, and paid defendant in full therefor.

On January 6, 1921, the defendant gave notice to plain-
tiffs that he would furnish no water after April 30, 1921,
and after that date did refuse to furnish water to either
plaintiff. Upon the trial of the separate actions for the
recovery of damages alleged to have been caused by the
failure and refusal of defendant to furnish water judgment
in the sum of $368 was rendered in favor of plaintiff Ander-
son and judgment in the sum of $300 in favor of plaintiff
Schimmel. From these judgments defendant appeals.

[1] The contract is lacking in mutuality. Considered
as a contract for the sale of personal property, as the
parties to the action treated and considered it, and as the
trial court in effect found it to be, there is clearly no
mutuality in the absence of an agreement by the plaintiffs
to buy the water offered for sale by the contract.

The cases cited in the brief by counsel for respondents in
support of the contention that the contract is mutual were
all cases wherein the purchaser agreed in effect to purchase
so much of the commodity as he should need in his business
during the time specified in the contract. As a matter of
course under the circumstances narrated in those cases the
purchaser was legally bound to accept and pay for so much

of the commodity as he should need. But in the instant case we are unable to find in the contract any obligation or promise on the part of the plaintiffs or their predecessors in interest to take or purchase any water at all.

[2] The lack of mutuality in the contract is the principal point made in support of the appeal. Incidentally, however, it is contended that the contract was void for uncertainty. This point, even though it be indifferently made, is well taken. [3] The right to water to be used for irrigation is a right in real property. (*Fawkes* v. *Reynolds*, 190 Cal. 204 [211 Pac. 449]; *Stanislaus Water Co.* v. *Bachman,* 152 Cal. 716, 723, 725, 726 [15 L. R. A. (N. S.) 359, 93 Pac. 858]; *Copeland* v. *Fairview Land etc. Co.*, 165 Cal. 148, 153 [131 Pac. 119].) Considered as a contract for the sale of a right to the use of water for the purpose stated in the complaint all of the elements essential to the creation of such a contract may be said to be clearly expressed save and except the price to be paid for the water. The contract contemplates payments from time to time at the specified rate of one and one-half cent per inch. But whether that is the rate to be paid per hour, per day, per month, per year, or for any other period is uncertain and incapable of ascertainment from the terms of the contract.

That the pumping of water is expensive is a matter of common knowledge and with that knowledge in mind the parties to the contract must have intended that the price paid should bear some relation to the period of time during which the water was being delivered and used. Such period of time, however, is not expressed in the contract. It would be utterly unreasonable to construe the contract to be a sale of a permanent water right granting and assuring the continuous flow of a sufficient amount of water to irrigate twenty acres of land to be paid for at the rate of one and one-half cent per inch.

No point is made as to the right of plaintiffs to succeed to and take by assignment any interest in the contract. It, of course, goes without saying that the question of the right of plaintiffs to so take, although it may be involved in the case, is not decided here.

Judgment reversed.

Wilbur, C. J., Myers, J., Kerrigan, J., Seawell, J., Lawlor, J., and Waste, J., concurred.