[L. A. No. 9849.  In Bank.—January 28, 1931.]

ANTON RELOVICH, Appellant, v. S. L. STUART et al., Defendants; MARY PERKINS RAYMOND, Respondent.

J. L. Murphey for Appellant.

Clarke & Bowker and James C. Hollingsworth for Respondent.

THE COURT.—This is an appeal from a judgment entered upon an order sustaining a demurrer to the plaintiff's second amended complaint without leave to amend. The action has been dismissed against all of the original defendants with the exception of the defendant, Mary Perkins Raymond, and certain fictitious defendants. Hereinafter, whenever the word "defendant" is used, it will refer to said defendant Mary Perkins Raymond.

The plaintiff in his second amended complaint alleges substantially the following:

In October, 1910, Dr. S. L. Stuart and his wife were the owners of a certain tract of land in Ventura County, California, containing about 130 acres. This land was waste and barren and worthless for agricultural use without irrigation. The Stuarts had developed a water system for the purpose of supplying and distributing water thereto. Sources had been discovered and developed to supply all of said land with abundant and sufficient water for all time. On October 27, 1910, Dr. Stuart and his wife sold and conveyed by grant, bargain and sale deed to the plaintiff, Anton Relo-

vich, a certain described portion of said lands containing 20 acres for the sum of $400. Upon the same date and as a part of the same transaction and for the same consideration the Stuarts also executed and delivered to the plaintiff the following instrument:

"This agreement made and entered into the 27th day of October, 1910, by and between S. L. Stuart, the party of the first part, and Anton Relovich, the party of the second part, Witnesseth: Whereas the party of the first part is the proprietor of a system of water works and pipe lines for the purpose of furnishing water for the irrigation of certain lands in Section 5, Township 4, North, Range 22, West, S. B. M.

"Whereas the party of the first part has conveyed to the party of the second part twenty (20) acres of land in Lot 3, Section 5, Township 4, North, R. 22 W., S. B. M., by deed of even date herewith and intended to be forthwith recorded in the office of the County Recorder of Ventura County, State of California,

"Now therefore, this agreement witnesseth:

"That the party of the first part agrees to furnish the party of the second part for the price or sum of twenty cents (20c) for each one thousand gallons of water used by the said party of the second part upon the land particularly described in said deed of even date herewith.

"It being understood that said water is to be supplied from the system of water pipes as now constructed and maintained by the party of the first part, and that all expenses in making connections to and with said system of pipes and conducting said water to said land, including all tanks, measuring devices or meters for measuring said water, shall be at the sole cost and expense of the party of the second part. And it is also understood that the party of the first part reserves the right and privilege of remodeling, changing and reconstructing said system of water pipes at his option."

Both instruments were duly acknowledged and were recorded in January, 1911.

Subsequently the plaintiff went into possession of the land so conveyed to him and commenced the planting and cultivation of oranges, grapes and nursery stock, irrigating the

same as the cultivation progressed from and through the connection made by the plaintiff with the irrigating system so maintained by the Stuarts.

On January 4, 1912, the Stuarts conveyed the lands retained by them and upon which the water system was located to third parties, and said lands thereupon passed through various channels until on February 6, 1919, by mesne conveyances, it became the property of one George P. Raymond. All of the intermediate holders down to George P. Raymond had recognized the right of the plaintiff to take water from the water system for irrigation on the cultivated portions of his land. It is alleged that said George P. Raymond also recognized the plaintiff's right to receive and take water through and from said system, but that said George P. Raymond did not furnish water in sufficient quantities for the complete irrigation of the plaintiff's land although the supply was sufficient and abundant and the plaintiff was ready and willing to pay for all of the water required by him. On May 1, 1922, said George P. Raymond conveyed the premises on which the water system was situated to his mother, the defendant Mary Perkins Raymond, who ever since has been the owner thereof. Subsequently said Mary Perkins Raymond continued to furnish water through said system to the plaintiff, but also in insufficient quantities and in quantities considerably less than the plaintiff's requirements although there was an abundant supply of water for all of said purposes and for all of her own uses and to spare, and although the plaintiff has at all times been ready, willing and able to pay therefor, by reason whereof the plaintiff's orchards, vines and nursery stock have sustained injury and the plaintiff has suffered damages. It is further alleged that in January, 1924, while this condition still existed, the defendant Mary Perkins Raymond "remodeled, changed and reconstructed her said water system so that no water did or could flow into or enter plaintiff's receiving pipes or receiving line or could reach or be conducted thereby or at all to plaintiff's said land and said defendant declared and announced that she was under no obligation to supply plaintiff or his said lands with water and that said agreement did not bind or obligate her in any manner and that she would not furnish or supply him with water at all and this

refusal she has persisted in to the present time and has not since supplied or furnished plaintiff with water in any amount or at all''; that because of the defendant's refusal to supply the required water the plaintiff has suffered further damage by reason of injury to his trees, vines, etc., some of which he has been able to mitigate temporarily by acquiring limited quantities of water from other neighbors but at excessive prices; that the aggregate of such damage amounts to the sum of $30,000.

The plaintiff prays for damages, for a declaration that a perpetual right and easement to a supply of water from a water system to be maintained on the lands of the defendant exists in favor of the lands owned by the plaintiff, and for equitable relief to protect the enjoyment and exercise of said right.

The question presented is whether, assuming the facts stated to be true, the plaintiff has alleged a cause of action entitling him to damages and equitable relief, or either thereof.

Much stress is laid by both sides upon the nature of the ''agreement'' which was executed by the Stuarts on October 27, 1910, as a part of the transaction of the sale of 20 acres of their lands to the plaintiff. The defendant insists that the instrument is nothing more than a contract to sell water as personal property and, viewed as such, is not specifically enforceable for the reason that it lacks mutuality of obligation and of remedy, is uncertain and indefinite in its terms and that it calls for personal services on the part of the defendant. The defendant likens the contract to that involved in the case of *Schimmel* v. *Martin,* 190 Cal. 429 [213 Pac. 33]. There the parties to the agreement owned adjoining ranches. It was agreed between them, among other things, that the first party should let the second party have the continuous flow of 150 inches of water, the full capacity of first party's pumping plant, at 1½ cents per inch, to be applied on the 20 acres of land owned by the second party, the water to be furnished whenever a specified notice is given to the first party, the second party to pay monthly for the amount of water used. Judgment for damages for alleged breach was reversed on two grounds: (1) that the contract was lacking in mutuality; and (2) that

the contract was void for uncertainty. As to the first ground the court said: "Considered as a contract for the sale of personal property, as the parties to the action treated and considered it, and as the trial court in effect found it to be, there is clearly no mutuality in the absence of an agreement by the plaintiffs to buy the water offered for sale by the contract." On the second ground it was stated: "The right to water to be used for irrigation is a right in real property. (*Fawkes* v. *Reynolds,* 190 Cal. 204 [211 Pac. 449]; *Stanislaus Water Co.* v. *Bachman,* 152 Cal. 716, 723, 725, 726 [15 L. R. A. (N. S.) 359, 93 Pac. 858]; *Copeland* v. *Fairview Land etc. Co.,* 165 Cal. 148, 153 [131 Pac. 119].) Considered as a contract for the sale of a right to the use of water for the purpose stated in the complaint all of the elements essential to the creation of such a contract may be said to be clearly expressed save and except the price to be paid for the water. The contract contemplates payments from time to time at the specified rate of one and one-half cents per inch. But whether that is the rate to be paid per hour, per day, per month, per year, or for any other period is uncertain and incapable of ascertainment from the terms of the contract."

The defendant also urges that this is essentially an action in specific performance and that as such it may not be maintained because the contract to provide the water lacks mutuality in that there is no agreement on the part of the plaintiff to take the water. It may be assumed that the facts stated would not warrant a decree in specific performance; but the pleading may not be relegated to that sphere in equity jurisprudence. Under the facts alleged the relief sought is by way of injunction and damages and the fact that the injunction prayed for is mandatory in character would not prevent the court from rendering such relief in equity as the facts alleged and proved would justify. Certainly the facts alleged, if proved, disclose a situation which would make a strong appeal for equitable relief. No one can read the allegations of the complaint and not be impressed with the belief that both parties to the deed and contract (which must be deemed one instrument for the purposes of this case under section 1642 of the Civil Code), understood and intended that the plaintiff

acquired with the land a right to the water without which the land was worthless. That right was a substantial element in the consideration passing from the plaintiff to the grantor. Relying on that right he made his habitation on the land and continued to improve it when the right to take the water was cut off by the defendant.

The entire transaction and the subsequent conduct of the parties as alleged in the complaint indicate that more was intended than a mere sale of water as a personal commodity. "Moreover", as stated in *Fawkes* v. *Reynolds, supra,* cited in *Schimmel* v. *Martin, supra,* "it is now settled that water in use for irrigation is not personal property". It is not necessary to decide that the instruments created a covenant running with the land as contemplated by the statute and decisions. (Civ. Code, secs. 1460, 1462; *Pomona etc. Co.* v. *San Antonio etc. Co.,* 152 Cal. 618, 627 [93 Pac. 881]; *Fresno Canal etc. Co.* v. *Dunbar,* 80 Cal. 530 [22 Pac. 275].) But the facts alleged sufficiently establish that a property right or easement to take water for irrigation from the water system on the adjoining land retained by the grantor was created for the benefit of the land conveyed. That such a right may be so created is provided in section 801 of the Civil Code and is recognized in the case of *Schimmel* v. *Martin, supra,* relied upon by the defendant (see, also, *Stanislaus Water Co.* v. *Bachman,* 152 Cal. 716 [15 L. R. A. (N. S.) 359, 93 Pac. 858]; *Henrici* v. *South Feather Land etc. Co.,* 177 Cal. 442 [170 Pac. 1135]; 7 Cal. Jur., p. 749); and that the same is binding upon all who take with notice is not questioned. (*Henrici* v. *South Feather Land etc. Co., supra; Stanislaus Water Co.* v. *Bachman, supra; Bryan* v. *Grosse,* 155 Cal. 132 [99 Pac. 499]; 26 Cal. Jur., p. 204; *Tulk* v. *Moxhay,* 2 Phil. 774 [41 Eng. Rep. 1143]; 7 R. C. L. 1125.) The fact that a certain price was to be paid for the water to be used for irrigation does not necessarily change the character of the agreement or the right thereby created. That factor was not considered to have such an effect in *Schimmel* v. *Martin, supra,* or *Stanislaus Water Co.* v. *Bachman, supra.* (See, also, *Henrici* v. *South Feather Land etc. Co., supra.*) No contention is or can be made that the facts alleged do not establish that the defendant, Mary Perkins Raymond, became

the owner of the land upon which the water system was constructed with actual notice of the existing right and burden.

Viewed as a contract creating a real property right or easement in favor of the land conveyed to the plaintiff, no question of mutuality of obligation or of remedy may arise even though the continued exercise and enjoyment of the right may be dependent upon the ability and readiness of the owner of that land to pay for water taken and used for irrigation at the price stipulated by the agreement. Such considerations arise only in contemplating the enforcement of executory personal contracts and have no bearing in cases where the powers of a court of equity are invoked to protect the enjoyment of an existing executed right in real property. Mutuality is supplied by the existence of an executed consideration for the agreement (*Spires* v. *Urbahn*, 124 Cal. 110 [56 Pac. 794]; *Chrisman* v. *Southern Cal. Edison Co.*, 83 Cal. App. 249, 254 [256 Pac. 618]), and if the right or easement has attached the owner or occupant of the land for the benefit of which it was created may maintain an action for its enforcement or protection. (*Los Robles Water Co.* v. *Stoneman*, 146 Cal. 203 [79 Pac. 880].)

We think there is no merit to the contention that the agreement here is void for uncertainty. There is no uncertainty as to the price to be paid, viz., twenty cents per one thousand gallons of water. No uncertainty exists by reason of the fact that a certain quantity of water for irrigation is not specified where the grant or agreement expressly or by necessary implication measures the right by the requirements of the land to which it is made appurtenant. (*Henrici* v. *South Feather Land etc. Co., supra.* See, also, *Stanislaus Water Co.* v. *Bachman, supra.*)

We do not deem it an insurmountable obstacle to the granting of relief that the deed and contract reserves to the grantor "the right and privilege of remodeling, changing and reconstructing said system of water pipes at his option". It is alleged in the complaint that the defendant has "remodeled, changed and reconstructed her said water system so that no water did or could flow into or enter plaintiff's receiving pipes or receiving line or could reach or be conducted thereby or at all to plaintiff's said land". It would be highly unreasonable to hold that the reservation in the

grant was intended by the parties or contemplated that the grantor or his successors in interest with notice of the equities of the plaintiff could thereunder so modify, change or reconstruct the system of water-pipes as to deprive the plaintiff of his rights which had attached and continued as a servitude during the course of many years of operation under the grant.

It is obvious that the consideration paid by the plaintiff Relovich to the Stuarts supports both the conveyance of the twenty-acre tract sold by Dr. Stuart to Relovich and the agreement on the part of the grantor by which the plaintiff was given the right to enter the adjoining land of the Stuarts, make a connection with the water system thereon, and take therefrom sufficient water to irrigate the land conveyed. In other words, the land being worthless without water for irrigation, the agreement to furnish water therefor may be said to have been the chief inducement to the purchase by the plaintiff and an important element of consideration for the price paid.

Any defenses which the defendant may have on the merits do not, of course, now appear. We are merely passing on the sufficiency of the complaint, and we conclude that a cause of action has been stated both for equitable relief and for damages.

The judgment is reversed with directions to the trial court to overrule the demurrer.