[Civ. No. 7971. First Appellate District, Division One.—December 15, 1932.]

PEDRO J. LEMOS et al., Appellants, v. JAMES FARMIN et al., Respondents.

Avery J. Howe and Kenneth R. McDougall for Appellants.

Norman E. Malcolm for Respondents.

THE COURT.—Plaintiffs brought this action to quiet the title to a certain tract of land alleged to be owned by them.

The complaint alleges that defendants claim some interest in said land, but that the same is without right. Defendants by their amended answer deny that they have no interest in said land and aver that they own an easement or right of way across it and that they and their grantors and predecessors have owned, used and occupied said easement and right of way continuously for the past seventy years. They allege that said easement consists of a wagon road leading from a public highway known as the Haskell Hill or Alpine road across the said land of plaintiffs to the adjoining land of defendants; that there is no other road or way by means of which ingress or egress can be had to said land of defendants, and that if this road is closed it will deprive defendants and all other persons of a right of way to defendants' said land. They further allege that they had their land surveyed and subdivided into lots for sale to members of the Native Sons of the Golden West for summer resorts and that more than twenty of these lots have been sold and that during all of this time plaintiffs had full knowledge of the sales of said lots and improve-

ments thereon and the constant use of said road by defendants and said purchasers.

With their said amended answer defendants also filed a cross-complaint in which they allege that they are the owners of a road twenty feet wide running from the county road known as the Haskell Hill road across the land of plaintiffs and that said road is appurtenant to defendants' land.

Plaintiffs answered same, denying the material allegations thereof. Upon the trial judgment was rendered in favor of defendants, and from this judgment plaintiffs appeal.

Appellants contend that the findings are insufficient to support the conclusions of law and the judgment, are not supported by the evidence, and do not cover all of the material issues; and that evidence prejudicial to appellants was improperly admitted.

Respondents produced evidence substantially as follows: The land owned by them adjoins appellants' land. The only way by which respondents can get to their said land is over a wagon road that passes over plaintiffs' land. Respondents purchased their land from Joseph Rodriguez in 1927. The grandfather of Joseph Rodriguez went upon this land about 1860 and built a house on it, and he and his children and grandchildren have owned and occupied it until sold to respondents. About the year 1860 the grandfather constructed the wagon road in controversy and since then it has been continuously used by them and their grantees. Until the year 1868 the land now owned by appellants and over which the said wagon road passes was government land. In 1868 J. B. Hollinsead became the owner of the land now owned by appellants and continued in said ownership until 1922. He had full knowledge of the existence of said wagon road and of its continual use by respondents' grantors, and at times assisted them in repairing it, and never, on any occasion, objected to said use by them. In 1922 Hollinsead sold said land to G. Vega and he in turn sold to plaintiffs. Vega, while he owned said land, made no objections to its use for the said roadway. Appellants purchased their land from Vega on January 8, 1927, and subsequently, on May 4, 1927, appellant Pedro J. Lemos wrote a letter to the Native Sons of the Golden West in

which he made the following statement: ''In reference to the right of way which is routed through my property to the property recently purchased from Mr. Rodriguez, by members of the N. S. G. W. for park purposes, I wish to give the following information. That the right of way must be maintained on the present location only and cannot be changed to any other part of my land.'' Later, in October, 1927, he wrote a letter to a Mr. Cobb in which he stated that the greater portion of the present road had been used only recently; that the former road came from the eastern end of his property; that he was informed that no legal right of way was ever made; and that the road was only allowed as an accommodation by the former owners.

There is some evidence that in the early days two gates were placed across said wagon road, but that these gates were removed and for a period of thirty years no gates were there. Vega testified that while he owned appellants' land he placed two gates across said road, but that the purpose in erecting the said gates was to keep livestock in and out of the premises and not with the design or intention of preventing the use of said road to and from the land of respondents.

There is no evidence that the use of this land by respondents or their grantors was permissive. Respondents' grantor testified that he always claimed said road as his road, and this right was never denied.

The court found that the pleadings and issues made at the trial were over the right, title and interest in and to a wagon road upon and extending over and across the land of appellants to the land of respondents, setting forth the description of said road; that for a period of seventy years said wagon road as above described has been openly, obviously and permanently located on the lands of appellants; that all of said period of time said respondents and their predecessors in ownership, under a claim of right and adverse to appellants, their predecessors in ownership and all the world, had held and used the continuous, uninterrupted, open and peaceable possession of said road as a right of way over and across the land of appellants to the land of respondents for travel by wagon and team and vehicles; that for seventy years the said land of appel-

lants and their predecessors and their title therein has been subject to said easement for a wagon road, and during all of that time respondents and their predecessors have had possession of and have acquired a title by prescription in and to said right of way for a wagon road as therein described, and during all of said period respondents and their predecessors have had no means of egress and ingress to and from their said land to said county road, and that the said wagon road is a way of necessity to enable respondents to have access to their said land from the said county road.

The conclusions of law were in substance that respondents are entitled to a decree to have and possess a perpetual easement by prescription to the right of way for a wagon road, as described therein, over and across the land of appellants and appurtenant to the land of respondents, and that respondents are entitled to a decree that said right of way for a wagon road is a way of necessity.

The sole issue in this case was whether or not respondents had a right of way for a wagon road over and across the land of appellants. Respondents made no denial of appellants' title to the land sought to be quieted. They admitted appellants' ownership of said land except as to the said wagon road. There was therefore no necessity for a finding of ownership by appellants of their land. (*Pinheiro* v. *Bettencourt,* 17 Cal. App. 111, 119 [118 Pac. 941].)

It is well settled that a private right of way is an interest in the land to which such easement is annexed and may be acquired by prescription. (*Rowe* v. *Wurster,* 50 Cal. App. 196 [194 Pac. 725]; *Patchett* v. *Pacific Coast Ry. Co.,* 100 Cal. 505 [35 Pac. 73]; *Kripp* v. *Curtis,* 71 Cal. 62 [11 Pac. 879]; 9 Cal. Jur. 948.) It is also well settled that an easement as a right of way is incident to the land and passes with it unless expressly excepted by the terms of the conveyance. (*Conaway* v. *Toogood,* 172 Cal. 706 [158 Pac. 200]; *Rubio Cañon etc. Assn.* v. *Everett,* 154 Cal. 29 [96 Pac. 811]; Civ. Code, sec. 1084.)

Appellants claim that there is no evidence to support the findings that the use of said wagon road by respondents and their grantors was adverse to appellants, or that such use was at any time known to them or their

predecessors, or that it was so notorious and open that it must be presumed to have been known to them. In the instant case there is evidence that the wagon road has existed for the past seventy years, and during all of that time has been used by respondents and their predecessors openly, continuously, with the knowledge of appellants and their grantors, and without objection from anyone. Under this state of facts it was held in *Wells* v. *Dias,* 57 Cal. App. 670 [207 Pac. 913, 914], that " . . . it is to be presumed that the use of the easement was under a claim of right and adverse to the owner, and such presumption, in the absence of evidence to the contrary, is sufficient to establish a prescriptive right of way. (*Yuba Consolidated Goldfields* v. *Hilton,* 16 Cal. App. 228 [116 Pac. 712, 715].)"

Appellants also contend that the respondents are not the owners of the dominant tenement and are not entitled to a decree declaring them to be the owners of the said right of way. They base this contention upon the following facts: In 1927 Rodriguez sold to respondents the said land claimed by them and at that time executed to them a contract of sale and delivered to them possession of said land. He also executed a deed to them and placed the same in escrow to be delivered upon payment in full of the purchase price. Appellants named said Rodriguez as a party defendant in this action, but caused no service to be made on him. At the beginning of the trial and before any evidence was taken the trial judge suggested the advisability of bringing in the said Rodriguez and thereupon it was stipulated that inasmuch as Rodriguez had no interest in the matter involved in this suit he was not an interested party and that the case should proceed against respondents alone. However, as respondents had almost completed the payments of the purchase price under the contract of sale, and there is no evidence that they had defaulted in making said payments, and they had been in the continuous possession of said land since 1927, it would seem that they had an interest in said wagon road that would justify them in interposing the same in defense of appellants' action against them to quiet title.

The law is well settled that the owner or occupant of an estate in a dominant tenement may maintain an action for the enforcement of an easement attached thereto. (*Relo-*

*rich* v. *Stuart*, 211 Cal. 422 [295 Pac. 819] ; *Connell* v. *Mc-Gahie*, 37 Cal. App. 439 [173 Pac. 1115] ; Civ. Code, sec. 809.)   Any person in the actual possession of the premises to which an easement is appurtenant may maintain an action for the disturbance of the easement.   It is not necessary that seisin be established.   (9 R. C. L. 817.)

The evidence clearly shows that appellants and their predecessors had knowledge of the use of said wagon road by respondents and their grantors, and the claim upon their part to the right to such use, for a period of more than sixty years, and that during all of that time they made no objection to such use nor disclaimed respondents' right so to do.   It appears that no assessment for taxes was ever made upon said easement.   The claim that the trial court improperly admitted evidence to appellants' prejudice is without merit.

We are of the opinion that respondents have a prescriptive right to the use of said wagon road, and therefore it is unnecessary to consider the question of necessity.

The judgment is affirmed.

Mr. Justice Knight, deeming himself disqualified, did not participate.