Filed 7/12/13 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| COUNTY OF SISKIYOU,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SACRAMENTO COUNTY,<br><br>Respondent;<br><br>ENVIRONMENTAL LAW FOUNDATION et al.,<br><br>Real Parties in Interest. | C067252<br><br>(Super. Ct. No. 34201080000583)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on June 13, 2013, be modified as follows:

1.      On page 8, the first sentence of the third full paragraph, "Siskiyou Superior Court" is changed to "Sacramento Superior Court," so the sentence reads as follows:

>        The petition filed with the Sacramento Superior Court alleges
> Siskiyou failed in its duty under the public trust doctrine to monitor and

1

regulate groundwater extractions "that are not subject to the 1980 adjudication."

2.      On page 13, the first full paragraph, beginning with "Given that venue lies," is revised to read as follows:

> Even if venue lies in both Sacramento and Siskiyou, the court did not err in denying Siskiyou's motion for change of venue under section 392, subdivision (a) in the absence of any authority that section 392, subdivision (a) trumps all other venue statutes.

3.      On page 13, the second sentence of the second full paragraph, beginning with "However, section 392 is limited," is revised to read as follows:

> Even if water is real property, however, section 392 is limited to certain types of actions involving real property.

There is no change in the judgment.

BY THE COURT:


_____RAYE_____, P.J.


_____HULL_____, J.


_____MAURO_____, J.

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| COUNTY OF SISKIYOU, | C067252 |
| Petitioner, | (Super. Ct. No. 34201080000583) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| ENVIRONMENTAL LAW FOUNDATION et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING in mandate.  Petition denied.

Best Best & Krieger, Roderick E. Walston; Thomas P. Guarino, County Counsel, and Natalie E. Reed, Deputy County Counsel, for Petitioners.

No appearance for Respondent.

1

Michael E. Wall and Noah Garrison for Natural Resources Defense Council as Amicus Curiae on behalf of Respondent and Real Parties in Interest.

James Wheaton, Danielle Fugere, Jennifer Maier; Glen H. Spain; and Richard Michael Frank for Real Parties in Interest Environmental Law Foundation, Pacific Coast Federation of Fishermen's Associations, and Institute for Fisheries Resources.

Kamala D. Harris, Attorney General, Kathleen A. Kenealy, Senior Assistant Attorney General, Robert W. Byrne, Daniel M. Fuchs, Allison Goldsmith, and Mark Poole, Deputy Attorneys General, for Real Party in Interest State Water Resources Control Board.

Real parties in interest Environmental Law Foundation, Pacific Coast Federation of Fishermen's Associations, and Institute for Fisheries Resources (real parties) filed a petition for a writ of mandate in Sacramento County, seeking to halt the issuance of well-drilling permits for nonadjudicated groundwater within the Scott River sub-basin in Siskiyou County.  Real parties alleged County of Siskiyou (Siskiyou) and the State Water Resources Control Board (Board) had failed to manage certain described groundwater resources interconnected with the Scott River in a manner consistent with the public trust doctrine.  Real parties prayed for injunctive, mandamus, and declaratory relief to recognize the authority of the Board to protect such groundwater under the public trust doctrine, and to compel the County to put in place a well-drilling permit or management plan to protect public trust resources.

Siskiyou demurred to the petition, asserting the Siskiyou Superior Court had exclusive jurisdiction by virtue of its 1980 decree that adjudicated water rights in the Scott River and reserved jurisdiction to review and modify the decree in the interests of justice.  Siskiyou also moved to change venue based on the argument that groundwater constitutes real property, and under Code of Civil Procedure section 392,

2

subdivision (a)(1), actions involving right or interest to real property must be tried in the superior court in the county where the property is located.[1]

The trial court overruled the demurrer and denied a change of venue, whereupon Siskiyou brought the present action for a writ of mandate, challenging both decisions. We deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### Petition for Writ of Mandate

The underlying action, filed in Sacramento Superior Court, seeks a determination that the public trust doctrine, applicable to navigable water and fish in California, applies as well to groundwater with a hydrological connection to public trust waters in the Scott River Valley. Real parties assert that the Board's authority to protect and manage public trust resources extends to the protection of the described groundwater resource and that Siskiyou, which has a duty to protect public trust resources, must act to protect and manage the groundwater resource through monitoring, regulating, and limiting extractions of groundwater. Real parties assert Siskiyou's failure to act is causing injury to the Scott River and its populations of fish and wildlife, and pray for mandate and injunctive relief to cease the issuance of well-drilling permits for groundwater until Siskiyou complies with its public trust duties.

Recognizing that in 1980 the Siskiyou Superior Court issued a decree adjudicating "all surface water rights in the Scott River stream system" and "all rights to ground water that is interconnected with the Scott River," and reserved jurisdiction to thereafter "review its decree and to change or modify the same as the interests of justice may require," real parties limited their prayer for relief to "groundwater not previously adjudicated within the Scott River sub-basin." The petition alleges the adjudication's

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise designated.

3

final order and decree "does not affect, regulate or prohibit any wells or sumps to be constructed 'at least 500 feet from the Scott River or at the most distant point from the river on the land that overlies the interconnected groundwater, whichever is less.' [Citation.] No groundwater beyond that 500-foot (or less) zone of adjudication was considered in, is affected by or regulated through the adjudicative process." Real parties also state they do not request a reopening of the 1980 adjudication, but "[w]hether that is deemed a necessary step by the [Board] to managing and regulating groundwater pursuant to the State's duties under the Public Trust Doctrine is not an issue before this Court."

The petition states venue is proper in Sacramento under section 401, subdivision (1) because the Board is a California state agency and venue is proper where the Attorney General has an office.

In response to the petition, Siskiyou filed a demurrer for lack of jurisdiction and a motion to transfer venue. Siskiyou argued the Siskiyou Superior Court possesses exclusive jurisdiction to hear the case. According to Siskiyou, contrary to real parties' assertion, the Scott River decree "expressly applies to and regulates *all* interconnected groundwater in the Scott River basin, including interconnected groundwater located more than 500 feet from the river. The petitioners' argument that the 'zone of adjudication' for interconnected groundwater is limited to 500 feet is contradicted by the express language of the decree itself. . . . [¶] Under traditional principles of jurisdiction, the Siskiyou County Superior Court has exclusive jurisdiction to hear the petitioners' public trust claim, because the claim would require the Board and County to regulate the same Scott River interconnected groundwater resource that is the subject of the Siskiyou County court's decree."

In the alternative, Siskiyou moved to transfer venue to the Siskiyou Superior Court under section 392, subdivision (a) (1), which provides that the proper court to hear a case involving a determination of a right or interest in real property or for injuries to real

4

property is the county where the real property is situated. Siskiyou argued the Scott River interconnected groundwater is real property situated in Siskiyou County.

**Trial Court Decision**

The court overruled the demurrer and denied the motion for a change of venue. The court determined that the venue motion lacked merit because the petition alleges injury to usufructuary water rights rather than injury to real property. The court also overruled the demurrer because the 1980 decree is limited to groundwater within a delineated geographic area and the petition does not seek to adjudicate any groundwater rights specifically identified in the decree. Thereupon Siskiyou filed a timely petition for a writ of mandate. We issued an alternative writ directing the trial court to grant the requested relief or show cause why it has not done so, and stayed further proceedings in the trial court pending further order of this court.[2]

## DISCUSSION

Real parties' substantive claims will be addressed in due time. The question raised by the current mandate proceeding is whether those claims can be addressed in Sacramento Superior Court, or must be tried in the court that first adjudicated rights to groundwater interconnected with the Scott River and reserved jurisdiction to modify its adjudication. Resolution of that question requires a review of the 1980 decree, the scope of the Siskiyou Superior Court's reserved jurisdiction, and whether the public trust claims raised by real parties intersect with the issues adjudicated in the 1980 decree. Assuming the Sacramento Superior Court can properly exercise jurisdiction, there remains for consideration the question of venue and whether Siskiyou is correct in its insistence that trial of this matter can only be conducted in Siskiyou County, where the Scott River is located.

---

[2] We grant the request for judicial notice filed by the Board on March 21, 2011.

5

**Exclusive Concurrent Jurisdiction**

Siskiyou argues the trial court erred in concluding the Siskiyou Superior Court lacked exclusive jurisdiction over the petition by virtue of the 1980 decree. The rule of exclusive concurrent jurisdiction applies, Siskiyou reasons, because the Siskiyou Superior Court issued the 1980 decree adjudicating all water rights in the Scott River and reserved continuing jurisdiction over that subject matter.

The established rule of exclusive concurrent jurisdiction provides that where two or more courts possess concurrent subject matter jurisdiction over a cause, the court that first asserts jurisdiction assumes it to the exclusion of all other courts. In essence, the rule renders concurrent jurisdiction exclusive with the first court. (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal.App.4th 1168, 1175 (*Franklin & Franklin*).)

"The rationale supporting the rule is a highly practical one. As Witkin has it, 'Justification for the rule [of exclusive concurrent jurisdiction] rests on practical considerations. If the identical cause of action is asserted by the same plaintiff in two suits, there is no doubt that the first court has priority, but this can rarely happen. What does happen is that parties to the same controversy or transaction . . . file separate suits on their individual causes of action, usually against each other. *Although their claimed rights and therefore their alleged causes of action are distinct, the issues are substantially the same, and individual suits might result in conflicting judgments*. The rule of priority is designed to avoid the unfortunate result[s] of these conflicts by requiring, in effect, a *consolidation* of the separate actions in the court in which jurisdiction of the parties first attached. [Citations.]' " (*Franklin & Franklin*, *supra*, 85 Cal.App.4th at p. 1175, quoting 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 420, p. 1031.)

To maintain both the practical nature of the rule and the historically flexible rules of equity, exactitude is not required. That the parties in the two actions are not entirely

6

identical, and that the remedies sought by the two actions are not precisely the same, is not controlling. Instead, it is sufficient for the exercise of equitable jurisdiction that the issue in both actions is the same and arises out of the same transaction or events. (*Franklin & Franklin*, *supra*, 85 Cal.App.4th at p. 1175.)

The trial court considered at length Siskiyou's claim of exclusive concurrent jurisdiction. The court found the issues involved in the 1980 decree differed from those in the petition. According to the court: "The issue before me is whether or not fundamentally the State Water Resources [Control] Board has the authority to apply Public Trust Doctrine principle to groundwater and groundwater diversion in Scott stream system, and whether or not the County should be compelled to comply with those Public Trust Doctrine principles in the evaluation and ultimate issue or nonissuance in new diversion permits. [¶] These two things are different. There is an adjudication decree that forecloses new diversions within a delineated specified area. This lawsuit doesn't affect that. [¶] The adjudication agreement memorializes existing diversions and water rights. This lawsuit does not address that. [¶] This lawsuit proposes to impose the authority or make clear the authority that State Water Resources Control Board may have in applying the Public Trust Doctrine to that system, and that the County must do the same in their permitting process. [¶] In so doing it's speculative, attenuated, unknown what in particular which is the County's fear here, [what] the State Water Resources Control Board would do."

The court further stated that should the Board take any enforcement action, any such action would have to go through the normal public notice administrative process, which is both thorough and subject to independent judicial review. In the court's eyes, the possibility of such action was remote, but if it did occur there was a "powerful argument that such a proposed amendment which would be not unlike the amendment procedure that is envisaged in the adjudication decree itself would have to go back

7

through an amendment and accepted process with the Siskiyou court.  That is not the lawsuit that is before me.  That's a different lawsuit."

Siskiyou disagrees with the trial court, arguing the rule of exclusive concurrent jurisdiction applies because the 1980 decree adjudicated all water rights in the Scott River, including groundwater, and expressly reserved "continuing jurisdiction" over the "subject matter hereof," including the power to "change or modify the same as the interests of justice may require."  Real parties, Siskiyou contends, seek to apply the public trust doctrine to the interconnected groundwater of the Scott River, thus affecting the rights to the use of the water, the very subject matter of the 1980 decree.  Therefore, as the first court to exercise jurisdiction over water rights to the groundwater, the Siskiyou Superior Court has exclusive jurisdiction to hear real parties' petition.

The 1980 decree set forth a plan for Siskiyou's issuance of groundwater permits within the boundary of the adjudication.  Approximately 59 water users under the decree are allowed to construct additional wells.

The petition filed with the Siskiyou Superior Court alleges Siskiyou failed in its duty under the public trust doctrine to monitor and regulate groundwater extractions "that are not subject to the 1980 adjudication."  The petition also contends Siskiyou failed to undertake "any review of whether changes to their current practice regarding well-drilling permits are necessary to fully protect the public trust resources in the Scott River."  According to the petition, Siskiyou is not protecting the Scott River from "injurious extractions of interconnected groundwater through their pattern and practice of issuing new well drilling permits (not subject to the adjudication) without any analysis of the impacts."  Real parties seek an order from the court declaring that "this pattern and practice by Respondent Siskiyou County is in violation of the Public Trust Doctrine."

Siskiyou argues the doctrine of exclusive concurrent jurisdiction applies when the two actions relate to the same subject matter.  Therefore, since the petition and the 1980 decree both relate to the management and regulation of the interconnected groundwater

8

of the Scott River, the exclusive concurrent jurisdiction doctrine vests exclusive jurisdiction in Siskiyou. In effect, under Siskiyou's analysis of exclusive concurrent jurisdiction, jurisdiction depends exclusively on whether the action pertains to the same subject matter: if the subject matter is the same, exclusive concurrent jurisdiction automatically applies.

However, under the rule of exclusive concurrent jurisdiction, when two courts have concurrent jurisdiction over the subject matter and the parties, the first court to assume jurisdiction has exclusive and continuing jurisdiction "until such time as all necessarily related matters have been resolved." (*California Union Ins. Co. v. Trinity River Land Co.* (1980) 105 Cal.App.3d 104, 109; see *Lawyers Title Ins. Corp. v. Superior Court* (1984) 151 Cal.App.3d 455, 460.) Exclusive concurrent jurisdiction is not a permanent, immutable grant of jurisdiction in the first court over everything even remotely connected to the subject matter. The first court retains exclusive jurisdiction only until all necessarily related matters are resolved.

In addition, although the parties in the two actions and the remedies sought need not be precisely the same, the issues in the two proceedings must be substantially the same and the individual suits must have the potential to result in conflicting judgments. (*Franklin & Franklin*, *supra*, 85 Cal.App.4th at p. 1176.)

Here, the question of whether Siskiyou must follow the public trust doctrine to monitor groundwater extractions that are not subject to the 1980 adjudication is not a matter necessarily related to the 1980 decree. There is no evidence the public trust doctrine was even considered in the formulation of the 1980 decree.

Nor are the issues in the petition "substantially the same" as the issues adjudicated in the 1980 decree. In the 1980 decree, the court sought to determine water rights to groundwater interconnected with the Scott River. The petition asks the court to determine whether or not the Board and Siskiyou have the authority under the public trust doctrine to protect public trust resources. The petition argues Siskiyou has failed to

consider the public trust doctrine in issuing permits for wells used to extract groundwater interconnected with the Scott River.

The requirements that the matter in the latter case be necessarily related, and that the issues in the two cases be substantially the same, are limits on the rule of exclusive concurrent jurisdiction. These limits apply in the present case.

Moreover, the rule of exclusive concurrent jurisdiction is a rule of policy, and countervailing policies may make the rule inapplicable. (*People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 770.) Such flexibility further militates against a rigid application of the doctrine. Siskiyou does not have exclusive jurisdiction.

**Venue**

### *Standard of Review*

A party aggrieved by an order denying a motion for a change of venue may petition this court for a writ of mandate to direct the superior court to transfer venue. (§ 400.) We review such petitions under an abuse of discretion standard. (*Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 836.) We resolve all conflicts in favor of the prevailing party and draw all reasonable inferences in support of the trial court's order. (*K.R.L. Partnership v. Superior Court* (2004) 120 Cal.App.4th 490, 494, fn. 2.)

Siskiyou agrees that we apply an abuse of discretion standard but contends that since its petition presents purely legal questions concerning the applicability of section 392 and the doctrine of exclusive concurrent jurisdiction, and since no evidentiary hearings were held, we exercise our independent judgment and review the issues de novo. (*O.W.L. Foundation v. City of Rohnert Park* (2008) 168 Cal.App.4th 568, 586.) We agree.

### *Section 392*

In requesting a transfer of venue, Siskiyou relied on section 392, subdivision (a)(1). According to Siskiyou, the trial court erred in finding section 392

10

inapplicable since water is real property under the venue statutes and section 392 applies to claims based on both public rights and private rights.

Section 392 provides: "(a) Subject to the power of the court to transfer actions and proceedings as provided in this title, the superior court in the county where the real property that is the subject of the action, or some part thereof, is situated, is the proper court for the trial of the following actions:  [¶]  (1) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of that right or interest, and for injuries to real property.  [¶]  (2) For the foreclosure of all liens and mortgages on real property.  [¶]  (b) In the court designated as the proper court in subdivision (a), the proper court location for trial of a proceeding for an unlawful detainer, as defined in Section 1161, is the location where the court tries that type of proceeding that is nearest or most accessible to where the real property that is the subject of the action, or some part thereof, is situated.  Otherwise any location of the superior court designated as the proper court in subdivision (a) is a proper court location for the trial.  The court may specify by local rule the nearest or most accessible court location where the court tries that type of case."

Siskiyou contends Code of Civil Procedure section 392 applies because real parties seek a determination of the public's right or interest in the interconnected groundwater of the Scott River and also seek to prevent alleged injuries to the groundwater of the Scott River.  Siskiyou points out Civil Code section 658, paragraph 3 defines real property as including "[t]hat which is incidental or appurtenant to land," and Civil Code section 662 states that a "thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or watercourse, or of a passage for light, air, or heat from or across the land of another." Citing these statutes, Siskiyou argues the groundwater at the center of the petition is, like a watercourse, used with the land for its benefit and is therefore real property under section 392.

11

As to the trial court's determination that water is not real property within the meaning of section 392 but instead is a usufructuary right involving the concepts of beneficial use and public benefit, Siskiyou argues the trial court confused the right to use water with the corpus of the water itself; the concept that a water right is usufructuary and incapable of possession "describes only the nature of the water right, and not the nature of the corpus of water itself."

In support, Siskiyou cites several cases in other contexts holding that water, whether in streams, lakes, or ponds, or in percolation through the soil, is part of the land. In *Copeland v. Fairview Land etc. Co.* (1913) 165 Cal. 148, 153-154, the court found water stored in a reservoir is not personal property that can be valued as part of an investment upon which a water company is entitled to a reasonable return. The court determined the right to water to be used in irrigation is a right in real property in *Schimmel v. Martin* (1923) 190 Cal. 429, 432. A trio of cases have found the right to water is an easement appurtenant to land. (*Stanislaus Water Co. v. Bachman* (1908) 152 Cal. 716, 724; *San Juan G. Co. v. San Juan R. etc. Assn.* (1939) 34 Cal.App.2d 159, 174; *Relovich v. Stuart* (1931) 211 Cal. 422, 428.)

Since the petition alleges Siskiyou and the Board have a duty to protect Scott River groundwater under the public trust doctrine, implicating an interest in the groundwater, and alleges unregulated drilling of wells continues to cause injury to the Scott River as well as to the fish and wildlife habitat, Siskiyou argues, under section 392, venue lies in Siskiyou.

There are at least two problems with this analysis.

First, Siskiyou cites no authority for the proposition that if venue is proper in both Sacramento County and Siskiyou County, the trial court must transfer venue to Siskiyou, or that section 392 takes precedence over other venue statutes.

Section 397 sets forth the grounds for granting a change of venue, including "[w]hen the court designated in the complaint is not the proper court." (§ 397, subd. (a).)

12

Here, venue is proper in Sacramento under section 401, subdivision (1), which states: "Whenever it is provided by any law of this State that an action or proceeding against the State or a department, institution, board, commission, bureau, officer or other agency thereof shall or may be commenced in, tried in, or removed to the County of Sacramento, the same may be commenced and tried in any city or city and county of this State in which the Attorney General has an office." If venue is proper in Sacramento, then the grounds set forth in section 397 do not apply. In addition, section 392 states, in part, "(a) Subject to the power of the court to transfer actions and proceedings as provided in this title," language which does not denote priority over other venue provisions.

Given that venue lies in both Sacramento and Siskiyou, the court did not err in denying Siskiyou's motion for change of venue under section 392, subdivision (a) in the absence of any authority that section 392, subdivision (a) trumps all other venue statutes.

Second, Siskiyou's venue theory rests on the simple premise that water is real property and under section 392 an action involving water should be tried in the county in which the water is located. However, section 392 is limited to certain types of actions involving real property. The primary thrust of the present action is the regulatory authority of the Board over the application of the public trust doctrine to interconnected ground and surface water. It is not an action "[f]or the recovery of real property, or of an estate or interest therein, or for the determination in any form, of that right or interest, and for injuries to real property" or "[f]or the foreclosure of all liens and mortgages on real property." (§ 392, subd. (a)(1), (2).) It seeks declaratory and injunctive relief against Siskiyou and the Board regarding their regulatory authority. The individual water rights holders are not parties to the action. No relief is sought against them, nor are their water rights affected by the relief sought.

## DISPOSITION

The petition for writ of mandate is denied. The stay previously ordered is vacated upon finality of this decision. Real parties shall recover costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a).)


                                             _____RAYE_____, P. J.


We concur:


_____HULL_____, J.


_____MAURO_____, J.

14