Filed 2/17/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| CRESTWOOD BEHAVIORAL HEALTH, INC., <br>     Petitioner, <br> v. <br> THE SUPERIOR COURT OF ALAMEDA COUNTY, <br>     Respondent; <br> MARICRIS FRAGOZA, <br>     Real Party in Interest. | A160523 <br><br> (Alameda County <br> Super. Ct. No. HG19043894) |

    In this writ proceeding, we must determine what venue is proper in an action filed under the Private Attorneys General Act (the Act; Lab. Code, § 2698 et seq.). In the challenged order, the respondent court concluded that claims under the Act may properly be tried in a county where petitioner Crestwood Behavioral Health, Inc. (Crestwood) allegedly committed Labor Code violations against some of its employees, rather than only in the counties where real party in interest Maricris Fragoza was employed or where Crestwood has its principal place of business. Crestwood seeks a writ of mandate directing respondent court to grant its motion to transfer venue. We conclude that the trial court did not err and deny the petition.

1

## A.

When employers violate worker protections in the Labor Code, state law provides a variety of enforcement options. The employee can file an individual lawsuit for damages and statutory penalties. (See, e.g., Lab. Code, §§ 203, 1194.) The employee can file a claim with the Labor Commissioner, who can investigate the claim and order the employer to pay owed wages. (See, e.g. *id.*, § 98.) The Labor Commissioner can, in some instances, initiate an administrative proceeding or lawsuit to impose civil penalties. (See, e.g., *id.*, §§ 98, 210, 225.5.) Some violations may subject an employer to criminal prosecution. (See e.g., *id.* § 215.)

The Legislature added an additional option in 2003 when it enacted the Act. Concerned that state labor laws were not being adequately enforced, due to funding constraints and competing priorities of enforcement agencies, the Legislature created a mechanism to deputize "aggrieved employee[s]" to pursue civil penalties. (See Lab. Code, § 2699, subd. (a); *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81 (*Kim*).) Only aggrieved employees have standing to bring this type of enforcement action. (Lab. Code, § 2699, subd. (a); *Kim, supra,* 9 Cal.5th at p. 81.) An aggrieved employee is a person who was employed by the defendant employer and who suffered one or more of the alleged Labor Code violations. (Lab. Code, 2699, subd. (c); *Kim* at p. 82.) The Act authorizes the employee to pursue civil penalties for Labor Code violations committed by the employer against *all* aggrieved employees. (Lab. Code, § 2699, subd. (a); *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745, 751 (*Huff*).)

An employee who brings such an action is acting as an agent of state enforcement agencies. (*Kim, supra*, 9 Cal.5th at p. 81.) The enforcement

action is entirely distinct from an individual suit for damages. (*Ibid.*) It is a dispute between the employer and the state, not the employer and the employee. (*Ibid.*) If the suit is successful, the civil penalties are split between the state (75 percent) and the aggrieved employees (25 percent). (*Ibid.*; Lab. Code, § 2699, subd. (i).)

**B.**

Fragoza filed an enforcement action under the Act in Alameda County Superior Court. Her complaint alleges that she formerly worked for Crestwood in Solano County and that Crestwood systematically violates certain provisions of the Labor Code at its treatment centers located throughout California. Specifically, Fragoza alleges Crestwood neglects to properly compensate non-exempt employees for all hours worked including overtime; fails to provide accurate and itemized wage statements; fails to allow non-exempt employees to take rest/meal breaks or to pay premiums for missed breaks; and fails to timely pay wages owed on termination. On this basis, she asserts two causes of action for civil penalties (Lab. Code, § 2699, subds. (a), (f)) on behalf of the State of California and aggrieved Crestwood employees.

In the complaint, Fragoza alleges that venue is proper in Alameda County because Crestwood operates a chain of treatment centers and employs aggrieved employees across California, including in Alameda County.

Crestwood filed a motion to transfer venue to Sacramento County (where its principal place of business is located), arguing that venue is not proper in Alameda County because Fragoza worked only in Solano County. The trial court denied the motion, concluding that Alameda County is a

3

proper venue under either Code of Civil Procedure section 393[1] or section 395.5. The court explained: "Venue is proper in Alameda County . . . because [Crestwood] is a corporation and it operated two facilities in Alameda County, [which] is a county 'where the obligation or liability arises.' [¶] . . . [¶] When an employee is serving as proxy or agent of the [Agency], the employee can assert all claims that the [Agency] could assert and is not limited to prosecuting only those claims for Labor Code violations that affected the employee as an individual. ([*Huff, supra,* 23 Cal.App.5th at pp.] 753-761.) [¶] Regarding the claims of the [Agency] against the employer, those claims arise wherever the employer allegedly violated the Labor Code."

## C.

Crestwood timely filed a petition for writ of mandate (§ 400), and we stayed further trial court proceedings pending our review of briefing from the parties. We determined that the petition presents a significant and recurring issue of first impression that might otherwise evade review, and we issued an order to show cause why the relief requested in the petition should not be granted.[2] (*Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 325; *Baeza v.*

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] The trial court found the venue issue appropriate for interlocutory review under section 166.1, stating the question was an "unresolved and recurring legal issue on which there is substantial ground for difference of opinion." While section 166.1 recommendations may, as here, assist an appellate court's determination whether to entertain extraordinary writ review, "[s]ection 166.1 'does not change existing writ procedures" (*Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 869, fn. 6), including the necessity of an appellate court weighing other factors bearing on the propriety of writ review (see, e.g., *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1269, 1271-1274).

*Superior Court* (2011) 201 Cal.App.4th 1214, 1221-1222.) Fragoza filed a return to the order to show cause and Crestwood filed a reply.

**DISCUSSION**

Crestwood argues that venue is properly located in the county where the representative plaintiff worked but not counties where other aggrieved employees worked. We hold that venue is proper in any county in which an aggrieved employee worked and Labor Code violations allegedly occurred.

**A.**

When, as here, venue is proper in more than one county, a plaintiff may choose among the available options. (*Battaglia Enterprises, Inc. v. Superior Court* (2013) 215 Cal.App.4th 309, 313.) The plaintiff's choice of venue is presumed correct. (*Id.* at pp. 313-314.) As the party attempting to change venue, Crestwood bears the burden of establishing that Alameda County is not a proper venue under any applicable statute. (See *Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 836.) The two statutes at issue here are sections 395.5 and 393, subdivision (a).

Section 395.5 provides several potential venue options for suits filed against corporations. One option is the county in which the corporation's principal place of business is located. (§ 395.5.) It is undisputed that Crestwood's principal place of business is Sacramento County and that venue would be proper there. The dispute relates to a different venue option—the county "where the obligation or liability arises." (*Ibid*.) Crestwood argues its liability under the Act (as pled in the complaint) arises only in Solano County, where Fragoza worked, rather than in Alameda County, where other aggrieved employees worked.

Section 393, subdivision (a), applies to an action that seeks "recovery of a penalty or forfeiture imposed by statute." It provides for trial in "the

5

county in which the cause, or some part of the cause, arose." (§ 393.) Again, Crestwood argues that the cause arose in Solano County, where Fragoza worked, but not in Alameda County.

Generally, we review orders denying venue transfer motions for abuse of discretion. However, de novo review is appropriate here because we are asked to construe the applicable statutes and apply them to undisputed facts. (*Dow AgroSciences LLC v. Superior Court* (2017) 16 Cal.App.5th 1067, 1076; *County of Siskiyou v. Superior Court* (2013) 217 Cal.App.4th 83, 92.)

**B.**

The operative question is whether "the obligation or liability" (§ 395.5), or "some part of the cause" (§ 393, subd. (a)), arose in Alameda County.

Although Crestwood's liability under the Act is based on its alleged Labor Code violations against all aggrieved employees, it argues that the violations against the representative plaintiff are more significant for venue purposes. It reasons that, although a plaintiff may enforce Labor Code violations suffered by other aggrieved employees, a plaintiff cannot bring an action under the Act unless she has suffered at least one Labor Code violation herself. (Lab. Code, § 2699, subds. (a), (c).) It is a metaphysical argument: without the Labor Code violations against Fragoza in Solano County, this lawsuit would not exist.

Crestwood misapprehends the purpose of Fragoza's personal allegations. The allegations regarding Fragoza's employment with Crestwood are necessary to establish standing, not venue. (See Lab. Code, § 2699, subds. (a), (c).) The standing requirement simply ensures that courts decide " 'only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor.' " (*Kim, supra*, 9 Cal.5th at p. 83.) Once she establishes standing, Fragoza is suing as a proxy

6

for the state, not as an individual. (*Id*. at p. 87.) She has no individual claim. (*Ibid*.) She may pursue civil penalties "*only* as the state's designated proxy, suing on behalf of *all* affected employees." (*Ibid*.; see also, *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185, 193 [penalties imposed under Act are independent of any employees' actual loss or damage].) We see no reason why the Legislature would restrict the proper venue to the location of an individual employee when she is suing on behalf of all aggrieved employees, not herself, and she has no individual claim.

For the same reasons, we reject Crestwood's analogy to class actions, where the named plaintiff must have a personal cause of action against the defendant tying venue to the county in which the action was filed. (*General Motors Corp. v. Superior Court* (1983) 141 Cal.App.3d 966, 969.) A representative plaintiff in a class action has " 'only a single claim for relief—the plaintiff's own.' " (*Kim, supra*, 9 Cal.5th at p. 86.) A representative action under the Act is an enforcement action, "not simply a collection of individual claims for relief, and so is different from a class action." (*Ibid*.)

We agree with Fragoza that venue is appropriate in Alameda County, pursuant to either section 393, subdivision (a), or section 395.5. Crestwood operates treatment centers in Alameda County, and Fragoza alleges Labor Code violations at Crestwood's locations statewide, including in Alameda County. Under the plain meaning of the relevant venue statutes, Crestwood's "liability" (§ 395.5), and "some part of the cause" (§ 393), arose in Alameda County because Labor Code violations allegedly occurred there. (See *Black Diamond Asphalt, Inc. v. Superior Court* (2003) 109 Cal.App.4th 166, 172 [under § 395.5, liability arises where a breach of legal rights occurs]; *Dow AgroSciences LLC v. Superior Court*, *supra*, 16 Cal.App.5th at pp. 1074-1077 [under § 393, subd. (a), in an action against a corporation for breach of

7

statutory duty to warn residents about toxic fumigant, the cause "arose" where the residents were exposed to the fumigants].)

Crestwood has little cause to complain. Venue rules give defendants some control over the choice of forum so that the action is not litigated in a faraway county where it would be expensive and difficult to defend. (Edmon & Karnow, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2021)¶ 3:451.) Crestwood operates two facilities in Alameda County, where Fragoza alleges Labor Code violations occurred. It does not identify any practical problems linked to defending the case in a county where it operates.

The trial court did not err in denying Crestwood's motion to transfer venue. We need not address the parties' additional arguments, including Crestwood's argument that section 395.5 takes precedence over section 393, subdivision (a).

**DISPOSITION**

The petition for writ of mandate/prohibition is denied. The stay issued by this court on July 31, 2020, is vacated and shall dissolve upon issuance of the remittitur. (Cal. Rules of Court, rule 8.490(d).) Fragoza is entitled to her costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

8

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
NEEDHAM, J.

A160523

Alameda County Superior Court, Case No. HG19043894

Trial Judge:  The Honorable Winifred Y. Smith

Boutin Jones Inc., Bruce M. Timm and Kimberly A. Lucia for Petitioner.

Schneider Wallace Cottrell Konecky LLP, Carolyn H. Cottrell, Ori Edelstein and Brett Watson for Real Party in Interest